[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Miller*, Slip Opinion No. 2020-Ohio-1420.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-1420

THE STATE OF OHIO, APPELLANT, *v.* MILLER, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Miller*, Slip Opinion No. 2020-Ohio-1420.]**

*Trial courts must strictly comply with Crim.R. 11(C)(2)(c)—A trial court strictly complies with Crim.R. 11(C)(2)(c) when it advises a defendant in a manner reasonably intelligible to the defendant that a guilty or no-contest plea waives the rights enumerated in the rule; the trial court is not required to use the particular words stated in the rule.*

(No. 2018-0948—Submitted December 11, 2019—Decided April 14, 2020.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 105363, 2018-Ohio-843.

_____

FISCHER, J.

{¶ 1} In this appeal, we are asked whether trial courts in felony cases must strictly comply with the plea colloquy required by Crim.R. 11(C)(2)(c) and, if so, whether strict compliance requires that the colloquy include particular words. We

reaffirm that a trial court must strictly comply with Crim.R. 11(C)(2)(c); however, this does not mean that the trial court must use the particular words stated in the rule. Instead, to strictly comply with the rule, the trial court must orally advise the defendant, in a manner reasonably intelligible to the defendant, that the plea waives the rights enumerated in the rule.

## I. Factual and Procedural Background

{¶ 2} Pursuant to a plea agreement, appellee, Shawn Miller, pleaded guilty to a number of crimes in the Cuyahoga County Court of Common Pleas. During the plea hearing, the trial court enumerated the constitutional rights Miller would be entitled to if he elected to go to trial and Miller affirmatively stated that he understood those constitutional rights. The trial court did not, however, specifically ask Miller whether he understood that he was waiving those rights by pleading guilty. The trial court accepted Miller's guilty pleas and sentenced him to an aggregate eight-year prison term and three years of postrelease control.

{¶ 3} On appeal to the Eighth District Court of Appeals, Miller argued that the pleas should be vacated because the trial court had failed to ensure that he understood that by pleading guilty he was waiving the constitutional rights enumerated in Crim.R. 11(C)(2)(c).

{¶ 4} In a two-to-one decision, the court of appeals vacated Miller's guilty pleas, reversed his convictions, and remanded the case to the trial court for further proceedings. Applying this court's decision in *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, the Eighth District concluded that the trial court was required to strictly comply with Crim.R. 11(C)(2) and that in order to strictly comply, the court had to specifically advise Miller that he would waive his constitutional trial rights by pleading guilty. The court of appeals acknowledged that common sense dictates that by pleading guilty, a defendant will not be able to exercise those constitutional rights; however, because the court of appeals concluded that the trial court had failed to abide by *Veney*'s strict-compliance

standard when it failed to advise Miller that a guilty plea waives those constitutional rights, the court vacated Miller's pleas, reversed his convictions, and remanded the cause to the trial court for further proceedings.

{¶ 5} The dissenting judge stated that the totality of the circumstances indicated that Miller knew what rights he would lose by pleading guilty and what rights he would have if he chose to go to trial. Because she concluded that the trial court had "meaningfully conveyed the substance of Miller's rights," she concluded that the trial court had complied with Crim.R. 11(C)(2). 2018-Ohio-843, ¶ 27-28 (Stewart, J., dissenting).

{¶ 6} This court accepted jurisdiction over the state's proposition of law: "A reviewing court applies a substantial compliance standard in determining whether criminal defendants understand they are waiving their constitutional trial rights when entering a plea in a felony case." *See* 153 Ohio St.3d 1502, 2018-Ohio-4288, 109 N.E.3d 1259.

## II. Analysis

{¶ 7} The state argues that the Eighth District's decision elevates form over substance. It asserts that so long as a defendant understands that pleading guilty to an offense waives his or her constitutional trial rights, the trial court has complied with Crim.R. 11(C)(2). It accordingly urges the court to adopt a substantial-compliance standard with respect to Crim.R. 11(C)(2)(c)'s requirement that a trial court determine whether a defendant understands that by pleading guilty he will waive his constitutional trial rights. Adopting the position of the dissenting opinion below, the state urges this court to conclude that by advising Miller of the constitutional rights he would have if he chose to go to trial, the trial court notified Miller that he would be waiving those rights if he opted not to go to trial and thus satisfied Crim.R. 11(C)(2).

{¶ 8} Miller responds that the state failed to preserve the issue whether substantial compliance or strict compliance with Crim.R. 11(C)(2)(c) is required

when determining whether defendants understand that they are waiving their constitutional trial rights by pleading guilty. He further asserts that the Eighth District correctly held that strict compliance is required, and he argues that even if a substantial-compliance standard applies, the trial court failed to satisfy that standard in this case.

### A. *The Issue in this Case Is Properly Before Us*

{¶ 9} As an initial procedural matter, we conclude that the state's failure to argue below for a substantial-compliance standard does not constitute a basis for affirming the judgment of the court of appeals. The issue whether substantial compliance or strict compliance applies is not essential to this case. Rather, the critical issue is what Crim.R. 11(C)(2)(c) requires of the trial court and what showing a defendant must make to demonstrate that the plea is invalid. The state contends that the trial court's colloquy fully complied with the requirements of the rule by conveying the substance of Miller's constitutional rights to him in a reasonably intelligible manner. We agree.

{¶ 10} Moreover, in its opinion, the Eighth District acknowledged that its strict-compliance holding conflicted with the Tenth District's holding in *State v. Ellis*, 10th Dist. Franklin No. 14AP-912, 2015-Ohio-3438, ¶ 10-12, that *Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, allows substantial compliance with the portion of Crim.R. 11(C)(2)(c) requiring the trial court to determine whether the defendant understands that by pleading guilty he or she is waiving his or her constitutional trial rights. 2018-Ohio-843 at ¶ 12-14. Both parties have had a full opportunity to brief the issue, and given the differing views of the Eighth and Tenth Districts on this issue, we determine that it would assist the lower courts if we address this issue now.

### B. *Legal Background*

{¶ 11} Crim.R. 11(C)(2) is the basis for our analysis in this case. That rule provides:

In felony cases the court * * * shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

* * *

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 12} Our most relevant precedent regarding the issue of which standard applies is *Veney*. Of particular relevance is the language of *Veney*'s syllabus:

A trial court must strictly comply with Crim.R. 11(C)(2)(c) and orally advise a defendant before accepting a felony plea that the plea waives (1) the right to a jury trial, (2) the right to confront one's accusers, (3) the right to compulsory process to obtain witnesses, (4) the right to require the state to prove guilt beyond a reasonable doubt, and (5) the privilege against compulsory self-incrimination. When a trial court fails to strictly comply with this duty, the defendant's plea is invalid. (Crim.R. 11(C)(2)(c), applied.)

*Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, at syllabus.

{¶ 13} In addressing the question of which standard applied, the *Veney* court confronted the question whether the trial court's failure to advise a criminal

defendant of one of his constitutional trial rights was subject to harmless-error review under Crim.R. 52. The court explained that " 'for a guilty plea to be voluntarily and intelligently entered, the defendant must be informed that he is waiving' " the constitutional rights listed in Crim.R. 11(C)(2)(c). *Id.* at ¶ 25-26, quoting *State v. Ballard*, 66 Ohio St.2d 473, 477-478, 423 N.E.2d 115 (1981). But the court held that only substantial compliance with the nonconstitutional requirements of Crim.R. 11(C)(2), namely the requirements in subdivisions (a) and (b), is required and that a defendant's claim that his plea is invalid due to a failure to adhere to those provisions is subject to harmless-error review, which requires a showing of prejudice. *Id.* at ¶ 14-15. But a trial court's failure to notify a defendant of his constitutional rights listed in Crim.R. 11(C)(2)(c) amounts to plain error. *Id.* at ¶ 24, citing *Ballard* at 476-477.

{¶ 14} *Veney* therefore held that "the trial court must orally inform the defendant of the rights set forth in Crim.R. 11(C)(2)(c) during the plea colloquy for the plea to be valid." *Id.* at ¶ 29. The court explained that "[a]lthough the trial court may vary slightly from the literal wording of the rule in the colloquy, the court cannot simply rely on other sources to convey these rights to the defendant." *Id.* Because the record in that case showed that the trial court had "plainly failed to orally inform Veney of his constitutional right to require the state to prove his guilt beyond a reasonable doubt," the plea was invalid. *Id.* at ¶ 30. Notably, the case at bar does not involve the plain failure of the trial court to inform Miller of his constitutional rights.

{¶ 15} The three justices concurring in part and dissenting in part in *Veney* agreed that "trial courts when conducting plea colloquies must strictly comply with all parts of Crim.R. 11(C)(2)(c)." *Id.* at ¶ 33 (Lanzinger, J., concurring in part and dissenting in part). Thus, the justices unanimously concluded that trial courts must strictly comply with all parts of Crim.R. 11(C)(2)(c), necessarily including the

portion requiring that the court determine that the defendant understands that by pleading guilty he is waiving his constitutional trial rights.

*C.  What Does Strict Compliance Require?*

{¶ 16} We reaffirm the unanimous conclusion of the justices in *Veney* that trial courts must strictly comply with Crim.R. 11(C)(2)(c) and the majority's holding that a failure to do so cannot be deemed harmless.  The critical question before us in this case, then, is: *What* must a trial court do to strictly comply with Crim.R. 11(C)(2)(c)?

{¶ 17} Miller mistakenly equates strict compliance with a requirement that the judge recite the provisions of Crim.R. 11(C)(2)(c) almost verbatim.  Thus, he would require the judge's explanation to the defendant to include either the word waiver or a synonym of waiver, such as give up, forgo, bypass, surrender, abandon, or relinquish.  Miller's suggested requirement misinterprets *Veney* and other decisions of this court that make clear that strict compliance simply means that the court has to notify the defendant of each one of the constitutional rights that the defendant is giving up; and if the court fails to do so, the guilty plea is invalid—no showing of prejudice is required.  *See State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 12 ("Though failure to adequately inform a defendant of his constitutional rights would invalidate a guilty plea under a presumption that it was entered involuntarily and unknowingly, failure to comply [as to] nonconstitutional rights will not invalidate a plea unless the defendant thereby suffered prejudice"), citing *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990); *Ballard*, 66 Ohio St.2d at 475-478, 423 N.E.2d 115.  We have never mandated that a trial court use particular words in order to comply with Crim.R. 11(C)(2)(c).  *See Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, at ¶ 29; *Ballard* at paragraph two of the syllabus.  Indeed, as we explained in *Ballard*,

> [f]ailure to use the exact language contained in Crim.R. 11(C), in informing a criminal defendant of his constitutional right to a trial and the constitutional rights related to such trial, including the right to trial by jury, is not grounds for vacating a plea as long as the record shows that the trial court explained these rights in a manner reasonably intelligible to that defendant.

*Id.* at paragraph two of the syllabus. Rather, the trial court needs to inform a defendant of those constitutional rights that the defendant will not be able to exercise if the defendant pleads guilty, and the information provided by the court must be in words that the defendant can understand. *See* Crim.R. 11(C)(2)(c); *Ballard* at 480 (the goal of Crim.R. 11(C) is to ensure that the defendant is informed "and thus enable the judge to determine that the defendant understands that his plea waives his constitutional right to a trial").

{¶ 18} As we explained in *Veney*, Crim.R. 11(C)(2)(c) requires the court to convey to the defendant the information set forth in the rule so that the defendant can make a voluntary and intelligent decision whether to plead guilty. *Veney* at ¶ 18, citing *Ballard* at 479-480. With this focus on setting forth information in a manner that the defendant can understand, we have cautioned against requiring courts to mirror the language set forth in the rule:

> [T]he focus, upon review, is whether the record shows that the trial court explained or referred to the right in a manner reasonably intelligible to that defendant. To hold otherwise would be to elevate formalistic litany of constitutional rights over the substance of the dialogue between the trial court and the accused. This is something we are unwilling to do.

8

*Ballard* at 480.

**{¶ 19}** Thus, the goal of Crim.R. 11(C)(2)(c) is to make sure that a defendant understands that after entering into a plea, certain rights cannot be exercised. If this court were to require verbatim or nearly verbatim plea colloquies, as argued for by Miller, that requirement would in some cases undermine the goal of having the defendant actually understand the ramifications of the plea. We accordingly hold that a trial court strictly complies with Crim.R. 11(C)(2)(c) when in its plea colloquy with the defendant, it advises the defendant in a manner reasonably intelligible to the defendant that the plea waives the rights enumerated in the rule.

### D. The Trial Court Strictly Complied with Crim.R. 11(C)(2)(c)

**{¶ 20}** In this case, as the plea colloquy set forth below shows, the trial court, in language understandable to the average person, not in legalese, set forth the constitutional trial rights listed in Crim.R. 11(C)(2)(c), such that Miller could make a voluntary and intelligent decision whether to plead guilty knowing that those constitutional rights would not be exercisable if he did. And after the judge explained each constitutional right to Miller, Miller stated that he understood the right.

> THE COURT: As good as the plea bargains might sound to people, nobody is under an obligation to accept them. You're welcome to stay with not guilty and go to trial instead. Right, Mr. Miller?
>
> DEFENDANT MILLER: Yes, Your Honor.
>
> * * *
>
> THE COURT: And if you go to trial, you always have your lawyers. Can't afford one, one is appointed no cost to you. Understood, * * * Mr. Miller?

DEFENDANT MILLER:  Yes, Your Honor.

THE COURT:  And you know that at trial you're presumed innocent.  The burden is on the prosecutor.  They have to come in with evidence.  They have to prove each of the original charges against you with evidence beyond a reasonable doubt.

If there is one or more charges on the list that they cannot prove beyond a reasonable doubt, you would be acquitted and discharged of that count if they couldn't prove to that degree.  Understood, Mr. Miller?

DEFENDANT MILLER:  Yes, Your Honor.

* * *

THE COURT:   So at trial you're welcome to take the witness stand in your defense but you have a right to stay off the stand and remain silent.  No one can make you talk or even comment on your silence.  Understood, * * * Mr. Miller?

* * *

DEFENDANT MILLER:  Yes, Your Honor.

THE COURT:  And do you understand that you and your lawyer get to cross-examine all the witnesses that the prosecutor brings in here to try to build a case against you * * *?   You understand that?  * * * Do you, Mr. Miller?

DEFENDANT MILLER:  Yes.

THE COURT:  Okay.  So the other thing you need to know, your lawyer can issue subpoenas to select your witnesses, get them on the witness stand.  The Court will enforce those subpoenas to help you get them here to testify for you.  * * *  Understood, Mr. Miller?

DEFENDANT MILLER: Yes, Your Honor.

THE COURT: Any questions from any of you?

* * *

DEFENDANT MILLER: No.

Although Miller argues that some synonym of the word waiver must be used in the plea colloquy in order to ensure that the defendant understands the ramifications of pleading guilty, it is clear from the transcript excerpt set forth above that that is not true. The court strictly complied with Crim.R. 11(C)(2)(c) by setting forth the constitutional rights that Miller would have if he elected to go to trial and communicating to Miller that the effect of his plea was that he would not be going to trial.

{¶ 21} We see no error in this exchange. Common sense tells us that the trial judge's use of easily understood words conveyed to Miller that he would be waiving certain constitutional rights if he were to plead guilty and that the exchange resulted in Miller's plea being voluntarily, knowingly, and intelligently made. To reach any other result would raise form over substance. We refuse to require trial courts to use particular words during the plea colloquy.

### III. Conclusion

{¶ 22} We reaffirm our holding in *Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, that trial courts must strictly comply with Crim.R. 11(C)(2)(c). And we hold that a trial court strictly complies with Crim.R. 11(C)(2)(c) when it orally advises the defendant in a manner reasonably intelligible to the defendant that the plea waives the rights enumerated in the rule.

{¶ 23} Because we conclude that the trial court strictly complied with Crim.R. 11(C)(2)(c) in this case, we reverse the judgment of the court of appeals and reinstate Miller's guilty pleas and convictions.

Judgment reversed

and convictions reinstated.

O'CONNOR, C.J., and KENNEDY, FRENCH, DEWINE, DONNELLY, and SADLER, JJ., concur.

LISA L. SADLER, J., of the Tenth District Court of Appeals, sitting for STEWART, J.

_____

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Gregory Ochocki, Assistant Prosecuting Attorney, for appellant.

Patrick J. Milligan Co., L.P.A., and Patrick J. Milligan; and James E. Kocka, for appellee.

_____