[Cite as *State v. Smith*, 2020-Ohio-4828.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                                 No. 107956

    v.                                      :

KEYON SMITH,                            :

    Defendant-Appellant.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** October 8, 2020

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-629767-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Steven N. Szelagiewicz, Assistant Prosecuting Attorney, *for appellee.*

The Law Office of Jaye M. Schlachet, and Eric M. Levy, *for appellant.*

MARY EILEEN KILBANE, P.J.:

{¶ 1} This cause is before this court on remand from the Ohio Supreme Court for further review of our decision released on September 19, 2019, based on the court's recent decision in *State v. Miller*, Slip Opinion No. 2020-Ohio-1420. In *State v. Smith*, 8th Dist. Cuyahoga No. 107956, 2019-Ohio-3769 ("*Smith I*"),

defendant-appellant, Keyon Smith ("Smith"), appealed his convictions and sentence, arguing in his first assignment of error that his guilty plea was invalid. He presented three assignments of error for our review; we found that Smith's guilty plea was invalid and remanded the case to the trial court. Because we found Smith's plea was invalid, we did not address his remaining two assignments of error because we found them moot pursuant to App.R. 12. The Ohio Supreme Court, based on *Miller*, reversed our decision in *Smith I* and ordered that we address the remaining two assignments of error that concern Smith's sentence. After careful consideration, we affirm the decision of the trial court.

{¶ 2} We will begin by addressing the history of this case.

### Smith I

{¶ 3} Smith's first assignment of error as presented read:

[Smith's] guilty pleas are invalid and are required to be vacated pursuant to Crim.R.11(C)(2)(c) where at the time of the guilty plea the trial court failed to ensure that [Smith] was aware that by entering his plea he would be waiving his constitutional rights which was not in strict compliance with the criminal rule.

{¶ 4} We agreed with Smith, finding that the trial court "ensured that Smith understood all of the constitutional rights, but it never expressly stated, or inquired as to whether Smith understood, that by pleading guilty, he was waiving his constitutional rights." *Smith I* at ¶ 11. As a result, we vacated Smith's plea and remanded the matter to the trial court for further proceedings.

{¶ 5} We based our decision on *State v. Miller*, 8th Dist. Cuyahoga No. 105363, 2018-Ohio-843, where we found that the trial court's failure to ensure that

a defendant understood that a guilty plea waived all the relevant constitutional rights meant that the trial court failed to strictly comply with the requirements of Crim.R. 11(C)(2)(c).

**{¶ 6}** *Miller* was appealed to the Ohio Supreme Court; *Smith I* was also appealed to the court and held for a decision in *Miller*. *Miller,* Slip Opinion No. 2020-Ohio-1420, the Ohio Supreme Court reversed this court. The court found that strict compliance with Crim.R. 11(C)(2)(c) does not require a trial court to use the particular words stated in the rule. *Id.* at ¶ 1. "Instead, to strictly comply with the rule, the trial court must orally advise the defendant, in a manner reasonably intelligible to the defendant, that the plea waives the rights enumerated in the rule." *Id.*

**{¶ 7}** In a judgment entry dated July 21, 2020, Ohio Supreme Court reversed our decision in *Smith I* on the authority of *Miller*. The cause was remanded to this court for consideration of Smith's two remaining assignments of error.

**Facts of the Case**

**{¶ 8}** In *Smith I,* we stated that:

In June 2018, Smith was charged with the rape and kidnapping of his stepsister, who was under the age of 13 at the time of the offense. According to Smith, the victim allegedly hurt her vagina and "he checked on it." While doing so, he digitally penetrated the victim's vagina.

In October 2018, Smith entered into a plea agreement with the state. Smith pled guilty to amended counts of attempted rape and child endangering, and the accompanying specification was dismissed. At the plea hearing, the court informed Smith of his constitutional and nonconstitutional rights, but never expressly stated that by pleading

guilty, he was waiving those rights. Smith pled guilty according to the terms of the plea agreement, and the trial court referred Smith to the probation department for a presentence investigation report.

At sentencing, the court heard from the victim's sister, defense counsel, Smith, and Smith's mother. The attempted rape and child endangering counts merged for purposes of sentencing, and the state elected to proceed with sentencing on the attempted rape count. The court then sentenced Smith to seven years in prison.

*Id.* at ¶ 2-4.

**{¶ 9}** During the course of the sentencing hearing the victim's sister testified that the victim was extremely embarrassed and traumatized by the event.

**{¶ 10}** In response, when discussing Smith's remorse, defense counsel stated that Smith, "immediately, when he was confronted about it, he admitted it. He met with the officers. He took a written — he made a written statement. He also did a polygraph." Counsel was attempting to show that Smith felt remorse for his actions and that he was merely checking the victim for an injury without really thinking about the inappropriateness of his actions.

**{¶ 11}** The trial court responded:

I guess I'm just having a hard time reconciling the words of [the victim's sister] and what [the victim] is living with now with what you're calling, you know, a well check. It doesn't make sense to me. It doesn't make any sense to me, you know, when my offense summary here, according to the police report, is that you denied the allegations. You agreed to take a polygraph. Before the polygraph, you admitted to touching the victim's bare vagina. After failing the polygraph — and that's — I don't consider polygraph as evidence of anything.

**{¶ 12}** The court later stated that

[t]he [c]ourt must and has formulated this decision based upon the overriding principles and purposes of felony sentencing, namely, to protect the public from future crime by Mr. Smith and to punish you

using the minimum sanctions the [c]ourt determines accomplishes those purposes without imposing an unnecessary burden on state or local government resources.

* * *

Mr. Smith, you took away a child's innocence and you left her damaged, not broken, because she's got a lot of people around her and she can live a long, healthy life, but it's going to take her time. It's going to take her time to get back to that little child. * * * And, quite frankly, I don't see that you're taking responsibility for it.

{¶ 13} Smith timely appealed on December 5, 2018. In *Smith I*, journalized on September 19, 2019, we sustained Smith's first assignment of error and vacated his plea, remanding to the trial court for further proceedings. In light of our disposition we found that Smith's remaining assignments of error were moot pursuant to App.R. 12. In light of the Supreme Court's judgment entry, we will now address Smith's second and third assignments of error for the first time.

Assignment of Error No. 2

The trial court erred and abused its discretion when it considered inadmissible polygraph test results when determining whether Appellant accepted responsibility for his actions and to impose sentence upon Appellant and Appellant's trial counsel was otherwise ineffective for failing to object to the consideration of the polygraph results.

**Consideration of Polygraph Results**

{¶ 14} Smith argues that the judge improperly considered the results of a failed polygraph examination when sentencing Smith. After carefully reviewing the transcript and the relevant law, we do not find any error.

{¶ 15} Smith argues that it was an abuse of discretion for the trial court to consider his failed polygraph. In support, he cites a First District case where the

court found that the trial court abused its discretion in considering a polygraph examiner's opinion. *State v. Caperton*, 1st Dist. Hamilton No. C-000666, 2001 Ohio App. LEXIS 5758 (Dec. 21, 2001). However, in that case, the trial court allowed the polygraph examiner to testify at the sentencing hearing; the polygraph examination was also ordered by the trial court and administered without defense counsel present. The facts in *Caperton* are substantially different from Smith's case; here the court did not use the polygraph as evidence while the court in *Caperton* clearly did. As a result, we do not find *Caperton* instructive.

{¶ 16} In Smith's case, the trial court explicitly stated that "I don't consider polygraph as evidence of anything." In a similar case, this court has previously ruled that a trial court did not consider a failure to take a polygraph because the trial court expressly stated that it ignored that information.

{¶ 17} In *State v. Walton*, 8th Dist. Cuyahoga No. 90140, 2008-Ohio-3550, the trial court had ordered Walton to take a polygraph. Walton refused. At sentencing the trial court stated:

> The [c]ourt ordered not only a polygraph examination, which we don't have — and the [c]ourt is not going to consider the fact that Mr. Walton didn't take his polygraph for any purpose whatsoever. We will just ignore the request for the polygraph.

*Id.* at ¶ 101.

{¶ 18} As a result, we dismissed Walton's assignment of error. Here, as in *Walton*, the court was explicit that it would not consider the polygraph for any

purpose, stating that it did not consider the polygraph as "evidence of anything." Accordingly we find that Smith's argument is without merit.

**Ineffective Assistance of Counsel**

{¶ 19} Additionally, Smith argues that counsel was ineffective for failing to object to the alleged consideration of the polygraph examination by the court while sentencing. Smith also argues that counsel should not have introduced the polygraph examination at sentencing in the first place. We do not find that counsel was deficient in introducing the polygraph in an attempt to mitigate the sentence or in failing to object; further, even if we did find that counsel was deficient, because the trial court did not use the polygraph as evidence, Smith was not prejudiced.

{¶ 20} To establish ineffective assistance of counsel Smith must show that trial counsel's performance was deficient and that deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St. 136, 538 N.E.2d 373 (1989). A properly licensed attorney enjoys a presumption of competence, and the person alleging ineffective assistance of counsel has the burden of establishing the deficiency. *State v. Hamblin*, 37 Ohio St.3d 153, 155-156, 524 N.E.2d 476 (1988).

{¶ 21} In the sentencing context, the presentation of mitigation evidence at a sentencing hearing is generally a matter of trial strategy. *State v. Keith*, 79 Ohio St.3d 514, 530, 684 N.E.2d 47 (1997). "Tactical or strategic trial decisions, even if unsuccessful, do not generally constitute ineffective assistance." *State v. Carter*, 72 Ohio St.3d 545, 558, 651 N.E.2d 965 (1995).

{¶ 22} Here, Smith's counsel could have reasonably presumed that introducing the polygraph would show the court that Smith had taken steps to prove his actions were more accidental than deviant. Counsel was likely aware that Smith had first denied the allegations before confessing and may have been attempting to mitigate Smith's inconsistency. While counsel's strategy may have been unsuccessful, we do not find it deficient. It is not our place to second guess counsel in this particular case. *See State v. Tinsley*, 8th Dist. Cuyahoga No. 105551, 2018-Ohio-278.

{¶ 23} Smith also argues counsel should have objected to the use of the polygraph in sentencing. However, the court did not use the polygraph to sentence Smith so there was nothing for counsel to object to.

{¶ 24} Smith's second assignment of error is overruled.

<u>Assignment of Error No. 3</u>

The trial court erred by imposing a lengthy prison sentence upon appellant which is not supported by the record when a less severe sanction would have accomplished the principals [sic] and purposes of felony sentencing.

**Smith's Sentence Was Not Excessive**

{¶ 25} In Smith's third assignment of error, Smith argues that the court imposed a lengthy sentence when a lesser sentence would have accomplished the goals of sentencing. Smith's argument is not well taken.

{¶ 26} The trial court has full discretion to sentence a defendant to any prison term within the statutory range. *State v. Lappin*, 8th Dist. Cuyahoga No.

91068, 2009-Ohio-2578, ¶ 9, citing *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856; *see also State v. Clay*, 8th Dist. Cuyahoga Nos. 89339, 89340, and 89341, 2008-Ohio-314. Furthermore, the trial court has significant discretion in determining how much weight should be given to the statutory seriousness, sentencing factors, and any relevant evidence. *Clay* at ¶ 12.

{¶ 27} Despite that discretion, our standard in reviewing felony sentences is not an abuse of discretion standard. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 10. Instead, to find that a court erred in sentencing, we must "clearly and convincingly" find that either (1) "the record does not support the sentencing court's findings under" various sentencing statues in R.C. Chapter 2929 or (2) "the sentence is otherwise contrary to law." *Id.* at ¶ 1. We find that the record supports the sentencing court's considerations and that the sentence was not otherwise contrary to law.

{¶ 28} Pursuant to R.C. 2929.14(A)(2), the punishment for a second-degree felony attempted rape is two to eight years in prison. Smith received a sentence of seven years, within the guidelines. However, Smith argues that he should have received a lesser sentence because he presented evidence of his ability to be rehabilitated and his remorse for his actions. The trial court found that Smith was not remorseful and that his crime was a serious one.

{¶ 29} The court referenced how Smith had initially denied responsibility before admitting what he had done. He also continually attempted to downplay his actions as a simple wellness check rather than anything perverse or malicious. The

court, reviewing the record, stated that, "quite frankly, I don't see that you're taking responsibility for it."

**{¶ 30}** Further, the victim in this case was an 11-year-old at the time of the incident; she remained so traumatized that she refused to come to court and remained distant from certain members of her family. The court made clear during sentencing that Smith's actions "took away a child's innocence and left her broken" and that Smith had taken advantage of her innocence. Given these facts, Smith's sentence was supported by the record.

**{¶ 31}** Smith's third assignment of error is overruled.

**{¶ 32}** We affirm the decision of the trial court.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, PRESIDING JUDGE

EILEEN T. GALLAGHER, A.J., and
MICHELLE J. SHEEHAN, J., CONCUR