[Cite as *State v. Jones*, 2021-Ohio-1864.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. John W. Wise, J. |
| Plaintiff-Appellee | : | Hon. Earle E. Wise, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 20CA000020 |
| LEO L. JONES | : | |
| | : | |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING: Criminal appeal from the Knox County Court of Common Pleas, Case No. 20CR09-0223

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: June 1, 2021

APPEARANCES:

For Plaintiff-Appellee

CHARLES T. MCCONVILLE
Knox County Prosecutor
117 E. High Street, Ste 234
Mount Vernon, OH 43050

For Defendant-Appellant

TODD W. BARSTOW
261 W. Johnstown Rd., Ste. 204
Columbus, OH 43230

*Gwin, P.J.*

{¶1}   Appellant Leo L. Jones appeals the November 13, 2020 judgment entry of the Knox County Court of Common Pleas.  Appellee is the State of Ohio.

*Facts & Procedural History*

{¶2}   On September 9, 2020, the Knox County Grand Jury returned an indictment charging appellant with failure to provide change of address, in violation of R.C. 2950.05(F)(1), a felony of the third degree.  Appellant is required to register as a Tier III sex offender based upon previous sex offense convictions.  Appellant registered an address with the Knox County Sheriff on June 12, 2020, but appellant was not present and living at that address from August 19, 2020 through September 3, 2020.

{¶3}   On October 15, 2020, appellant appeared with counsel and entered a guilty plea to the charge.

{¶4}   Appellant signed a "plea of guilty" form.  He stated his plea of guilty was freely, voluntarily, knowingly, and intelligently made.  Appellant also acknowledged that he was fully informed by his attorney and the court of all the constitutional rights he was waiving, "including my right to a jury trial * * *, my right to confront witnesses against me, my right to have compulsory process for obtaining witnesses in my favor, and my right to require the State of Ohio to prove my guilt beyond a reasonable doubt at a trial at which I cannot be compelled to testify against myself."

{¶5}   Appellant also signed a "Plea Agreement Disclosure and Acknowledgment." He stated he understood that his "attorney could have obtained witnesses by subpoena to testify in [his] defense at trial."

{¶6}    At the plea hearing, appellant confirmed he was satisfied with his attorney, and confirmed his attorney reviewed the written plea agreement with him.  The trial court went through the maximum penalty appellant faced, and appellant stated he understood.  Appellant also stated he recalled signing the plea form.

{¶7}    The trial court continued, "your plea cannot be accepted unless you understand the constitutional rights that you're giving up."  Appellant responded "yes," he understood that:  he has the right to a jury or the right to have the judge hear his case; he understood the prosecutor had to prove him guilty beyond a reasonable doubt of every element of the crime he was charged with; he understood his attorney could have cross-examined anyone who testified against him; and he understood he would not have to testify.  The trial court stated, "And you understand that at the trial your attorney could have obtained witnesses by subpoena to testify in your defense?"  Appellant responded, "yes."

{¶8}    The trial court asked appellant if he had any questions, and appellant stated, "No."  Appellant confirmed he voluntarily waived and gave up all of the constitutional rights discussed.  Based upon appellant's representations, the trial court found appellant had "been informed of his constitutional rights, [and] ha[d] made a knowing, intelligent, and voluntary wavier of those rights."  The trial court accepted appellant's guilty plea and found him guilty of the charge.

{¶9}    The trial court issued a journal entry on October 16, 2020, stating it personally addressed appellant as to the matters contained in Criminal Rule 11(C)(2), and finding appellant's plea was freely, voluntarily, and intelligently made.  The trial court referred the matter for a presentence investigation, and set a sentencing date.

{¶10} The trial court sentenced appellant to twenty-four (24) months in jail. The trial court issued a sentencing entry on November 13, 2020.

{¶11} Appellant appeals the November 13, 2020 judgment entry of the Knox County Court of Common Pleas and assigns the following as error:

{¶12} "I. APPELLANT DID NOT KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY ENTER HIS PLEA OF GUILTY, IN VIOLATION OF HIS RIGHT TO DUE PROCESS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE, SECTION SIXTEEN, OF THE OHIO CONSTITUTION."

I.

{¶13} In his assignment of error, appellant contends his plea was not knowingly, intelligently, and voluntarily made. Specifically, appellant argues the trial court failed to adequately advise him that he was "waiving the right to have compulsory process for obtaining witnesses in the defendant's favor," when the trial court stated, "you understand that at the trial your attorney could have obtained witnesses by subpoena to testify in your defense?"

{¶14} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle*, 74 Ohio St.3d 525, 660 N.E.2d 450 (1996). "An appellate court determining whether a guilty plea was entered knowingly, intelligently, and voluntarily, conducts a de novo review of the record to ensure that the trial court complied

with the constitutional and procedural safeguards." *State v. Ballard*, 66 Ohio St.2d 473, 423 N.E.2d 115 (1981).

{¶15} Criminal Rule 11(C) requires a trial judge to determine whether a criminal defendant is fully informed of his or her rights and understands the consequences of his or her guilty plea. *State v. Barker*, 129 Ohio St.3d 472, 2011-Ohio-4130, 953 N.E.2d 826. Of particular relevance to this case is Criminal Rule 11(C)(2)(c), which provides, "[i]n felony cases the court * * * shall not accept a plea of guilty or no contest without first addressing the defendant personally and * * * informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights * * * to have compulsory process for obtaining witnesses in the defendant's favor * * *." The underlying purpose of Rule 11(C) is to convey to the defendant certain information so that he or she can make a voluntary and intelligent decision as to whether to plead guilty. *State v. Ballard*, 66 Ohio St.2d 473, 423 N.E.2d 115 (1981).

{¶16} The Ohio Supreme Court has held that strict compliance with Rule 11(C)(2)(c) is required when advising a defendant of the constitutional rights he or she is waiving by pleading guilty or no contest. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621; *State v. Barker*, 129 Ohio St.3d 472, 2011-Ohio-4130, 953 N.E.2d 826. The Supreme Court recently addressed this issue in *State v. Miller*, 159 Ohio St.3d 447, 2020-Ohio-1420, 151 N.E.3d 617, and held, "trial courts must strictly comply with 11(C)(2)(c) and failure to do so cannot be deemed harmless." Included in the list of constitutional rights is "the right to compulsory process to obtain witnesses." *Id.*

{¶17} The Supreme Court of Ohio has repeatedly held that while the preferred method of informing a criminal defendant of his or her constitutional rights during the plea

colloquy is to use the language contained in Criminal Rule 11(C), a trial judge is not required to recite the provision of 11(C)(2)(c) verbatim. *State v. Miller*, 159 Ohio St.3d 447, 2020-Ohio-1420, 151 N.E.3d 617; *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621; *State v. Barker*, 129 Ohio St.3d 472, 2011-Ohio-4130, 953 N.E.2d 826. To "strictly comply with the rule, the trial court must orally advise the defendant, in a manner reasonably intelligible to that defendant, that the plea waives the rights enumerated in the rule." *Id.*

{¶18} Appellant argues the trial court did not strictly comply with Rule 11(C)(2)(c) because the trial court did not tell him he was waiving the right to have the court compel enforcement of a subpoena. We disagree. The language used by the trial court in this case mirrors language that has been found to strictly comply with Rule 11(C)(2)(c).

{¶19} The Supreme Court has held that a trial court complies with Criminal Rule 11(C) and it is a reasonably intelligible explanation to the defendant of his right to compulsory process when the right is described as the "right to call witnesses to speak on your behalf." *State v. Barker*, 129 Ohio St.3d 472, 2011-Ohio-4130, 953 N.E.2d 826. The terms "subpoena" or "compel" were not required. *Id.* The Ohio Supreme Court also recently held that the statement, "your lawyer can issue subpoenas to help you get them [witnesses] here to testify for you," strictly complied with Rule 11(C)(2)(c). *State v. Miller,* 159 Ohio St.3d 447, 2020-Ohio-1420, 151 N.E.3d 617.

{¶20} Other courts have similarly held that language stating counsel may subpoena witnesses for the defendant was sufficient for strict compliance with Rule 11(C)(2)(c)'s compulsory process requirement. *State v. Coleman*, 9th Dist. Summit No. 26008, 2012-Ohio-1712 (statement that "by pleading guilty he was giving up the right to

have his counsel subpoena and cross-examine witnesses" was sufficient); *State v. Pigge*, 4th Dist. Ross No. 09CA3136, 2010-Ohio-6541 (statement that guilty plea waives the right to subpoena witnesses sufficiently advises a defendant in a reasonably intelligible manner of his compulsory process right); *State v. Ward,* 2nd Dist. Montgomery No. 21044, 2006-Ohio-832 (statement that the defendant was "giving up his right to have his own witnesses come in here and testify for him" was sufficient for strict compliance); *State v. Parks*, 8th Dist. Cuyahoga No. 86312, 2006-Ohio-1352 (use of word "subpoena" adequately informs defendant of his right to compulsory process).

{¶21} In this case, we find the trial court strictly complied with the compulsory process portion of Rule 11(C)(2)(c) because the trial court used language understandable and reasonably intelligible to appellant, such that he could make a voluntary and intelligent decision whether to plead guilty knowing that the constitutional right to compulsory process would not be exercisable if he did plead guilty.

{¶22} Further, the "plea of guilty" form and "plea disclosure" documents, both signed by appellant, address the issue of compulsory process, and are additional evidence that the trial court adequately advised appellant of his right to compulsory process. *State v. Barker*, 129 Ohio St.3d 472, 2011-Ohio-4130, 953 N.E.2d 826 (when trial court addresses all the constitutional rights in an oral colloquy, a reviewing court should be permitted to consider additional record evidence such as a change of plea form); *State v. Coleman*, 9th Dist. Summit No. 26008, 2012-Ohio-1712; *State v. Pigge*, 4th Dist. Ross No. 09CA3136, 2010-Ohio-6541. The "plea disclosure form" states appellant understood his "attorney could have obtained witnesses by subpoena to testify in [his] defense at trial." The plea of guilty form states appellant was fully informed by his

attorney and the court of the constitutional rights he was waiving, including his "right to have compulsory process for obtaining witnesses in [his] favor."

{¶23} Defendant was represented by counsel throughout the proceedings and, at the change of plea hearing, he affirmatively responded when the trial court asked if his counsel had gone over the plea agreement to his satisfaction and if he understood the rights he was waiving. Nothing in the record suggests that appellant did not understand. At no point during the plea hearing did he indicate any sort of confusion over the meaning of any of the court's statements or the rights he was waiving by pleading guilty. Rather, every time the court asked him if he understood, appellant indicated he did. At the conclusion of the plea hearing, the trial court asked appellant if he had any questions. Appellant responded, "no."

{¶24} We find the trial court used easily understood words conveying to appellant that he would be waiving certain constitutional rights if he pled guilty and that exchange resulted in appellant's plea being voluntarily, knowingly, and intelligently made. The trial court strictly complied with Criminal Rule 11(C)(2)(c). Appellant's assignment of error is overruled.

{¶25}   The November 13, 2020 judgment entry of the Knox County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Wise, John, J., and

Wise, Earle, J., concur