[Cite as *State v. Champelle*, 2021-Ohio-4572.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 21 CAA 040021 |
| DEVONTAY CHAMPELLE | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:          Criminal Appeal from the Court of Common
Pleas, Case No.  20 CR I 01 0081


JUDGMENT:                                          Affirmed


DATE OF JUDGMENT ENTRY:          December 27, 2021


APPEARANCES:

For Plaintiff-Appellee                         For Defendant-Appellant

MELISSA A. SCHIFFEL                       WILLIAM T. CRAMER
PROSECUTING ATTORNEY                470 Olde Worthington Road
CHRISTOPHER E. BALLARD            Suite 200
ASSISTANT PROSECUTOR                Westerville, Ohio  43082
145 N. Union Street, 3rd Floor
Delaware, Ohio  43015

*Wise, John, J.*

**{¶1}** Defendant-Appellant Devontay Champelle appeals the judgment entered by the Delaware Court of Common Pleas convicting him of three counts of Burglary in violation of R.C. 2911.12(A)(1). Plaintiff-Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

## FACTS AND PROCEDURAL HISTORY

**{¶2}** On January 31, 2020, Appellant was indicted on three counts of Burglary in violation of R.C. 2911.12(A)(1).

**{¶3}** On November 9, 2020, Appellant pled not guilty to all counts.

**{¶4}** On March 4, 2021, Appellant withdrew his plea of not guilty, and entered a plea of guilty. Appellant signed an eight page "Withdrawal of Former Plea of Not Guilty to the Indictment, Written Plea of Guilty to the Indictment[.]" This document detailed the potential prison terms, stated Appellant would plead guilty to the indictment, waived his right to appeal, that the State would recommend two-year prison terms for each count of the indictment which would run concurrent to each other, and the State would not object to 284 days of jail time. The document also contained an acknowledgment that Appellant reviewed the agreement with counsel, understands it, and agrees to it. Both Appellant and counsel signed the document.

**{¶5}** At the plea hearing, the State put the details of the plea agreement on the record, and the trial court engaged in a colloquy with Appellant. During the colloquy, Appellant assured the trial court his medications do not impair his ability to understand the proceedings or make good judgments. Appellant also indicated to the trial court he

understood the trial court was not obligated to accept the State's sentencing recommendation.

**{¶6}** On April 5, 2021, the trial court held a sentencing hearing. At the hearing, the trial court ordered Appellant to serve a sentence of eight years in prison on Count 1, two years in prison on Count 2, and two years in prison on Count 3. The sentence for Counts 2 and 3 were to be served concurrently to the sentence for Count 1. Appellant received 284 days of jail time credit.

## ASSIGNMENTS OF ERROR

**{¶7}** On April 30, 2021, Appellant filed a notice of appeal raising the following two Assignments of Error:

**{¶8}** "I. APPELLANT'S RIGHTS UNDER THE FEDERAL AND STATE CONSTITUTION WERE VIOLATED BY THE ACCEPTANCE OF A GUILTY PLEA THAT WAS NOT ENTERED KNOWINGLY, INTELLIGENTLY, OR VOLUNTARILY.

**{¶9}** "II. THE TRIAL COURT'S IMPOSITION OF A MAXIMUM PRISON TERM WAS NOT SUPPORTED BY THE RECORD."

## I.

**{¶10}** In Appellant's First Assignment of Error, Appellant argues that his guilty plea was not entered knowingly, intelligently, or voluntarily. We disagree.

**{¶11}** This Court has recognized that a trial court is not bound by a sentencing recommendation proffered by the State. *See State v. Hartrum*, 5th Dist. Licking No.14-CA-106, 2015-Ohio-3333, ¶14, citing *State v. Kitzler*, 3rd Dist. Wyandot No. 16-02-06, 2002-Ohio-5253, ¶9. Thus, where a trial court complies with Crim.R. 11 by informing the defendant that the State's sentencing recommendation is not binding upon it, a

defendant's plea is still knowingly and voluntarily given. *State v. Underwood*, 5th Dist. Muskingum No. CT2017-0024, 2018-Ohio-730, ¶15, citing *State v. Campbell*, 9th Dist. Summit No.27300, 2014-Ohio-4780, ¶9.

**{¶12}** The Supreme Court of the State of Ohio held:

[O]ur focus in review pleas has not been on whether the trial judge has '[incanted] the precise verbiage' of the rule, *State v. Stewart*, 51 Ohio St.3d 86, 92, 364 N.E.2d 1163 (1977), but on whether the dialogue between the court and the defendant demonstrates that the defendant understood the consequences of his plea[.]

*State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, ¶12, citing *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶15-16; *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶26; *State v. Miller*, 159 Ohio St.3d 447, 2020-Ohio-1420, 151 N.E.3d 617, ¶19.

**{¶13}** During the plea hearing, the trial court asked Appellant: "Do you understand that while you and the prosecutor have presented to me a recommendation for the resolution of your case, I'm not required to accept or follow it?" Tr., Plea Hearing, at 9-10. Appellant answered in the affirmative. *Id.* Appellant contends this wording is ambiguous and Appellant did not understand that if the trial court accepted the guilty plea they need not accept the plea recommendation. However, the trial court also asked: "Knowing that I'm not obligated to follow the plea recommendation, do you still want to plead guilty today?" Tr., Plea Hearing, at 10. Appellant again answered in the affirmative.

*Id.* As such, the record does not support Appellant's claim that his plea was not knowing and voluntary in this respect.

**{¶14}** Appellant's First Assignment of Error is overruled.

**II.**

**{¶15}** Appellant's Second Assignment of Error argues the trial court's imposition of a maximum prison term was not supported by the record. We disagree.

**{¶16}** An appellate court reviews felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶22; *State v. Howell*, 5th Dist. Stark No. 2015CA00004, 2015-Ohio-4049, ¶31. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law.

**{¶17}** The Supreme Court of the State of Ohio held that nothing in R.C.2953.08(G)(2) permits this Court to independently weigh the evidence in the record and substitute its own judgment for that of the trial court to determine a sentence that best reflects compliance with R.C. 2929.11 and R.C.2929.12. *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶42.

**{¶18}** "The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." *State v. King*, 2nd Dist. No. 2012-CA-25, 2013-Ohio-2021, 992 N.E.2d 491, ¶45.

**{¶19}** This Court is, therefore, without authority to disturb Appellant's sentence absent a finding by clear and convincing evidence that the record does not support the trial court's findings under R.C. 2929.11 and R.C. 2929.12. We may only determine if the sentence is contrary to law.

**{¶20}** "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

**{¶21}** "A sentence is not clearly and convincingly contrary to law where the trial court 'considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range.'" *State v. Morris*, 5th Dist. Ashland No. 20-COA-015, 2021-Ohio-2646, ¶90, quoting *State v. Dinka*, 12th Dist. Warren Nos. CA2019-03-022 and CA2019-03-026, 2019-Ohio-4209, ¶36.

**{¶22}** Appellant claims that because the presentence investigation report noted Appellant had a drug addiction and mental health issues, the trial court erred by imposing a maximum sentence. Appellant is not disputing the trial court's sentence is within the statutory range. As the trial court has the statutory authority to impose maximum prison term, Appellant's sentence is not contrary to law or otherwise subject to modification or vacation.

**{¶23}** Accordingly, Appellant's Second Assignment of Error is overruled.

**{¶24}** For the foregoing reasons, the judgment of the Court of Common Pleas, Delaware County, Ohio, is hereby affirmed.

By: Wise, John, J.

Hoffman, P. J., and

Wise, Earle, J., concur.

JWW/br 1223