[Cite as *State v. Hamilton*, 2022-Ohio-139.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                        Court of Appeals No.  L-21-1150

    Appellee                                       Trial Court No.  CR0202001949

v.

Jacob Hamilton                                **DECISION AND JUDGMENT**

    Appellant                                     Decided:  January 14, 2022

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Alyssa Breyman, Assistant Prosecuting Attorney, for appellee.

Andrew R. Mayle, Ronald J. Mayle, and
Benjamin G. Padanilam, for appellant.

* * * * *

**ZMUDA, J.**

{¶ 1} Appellant, Jacob Hamilton, appeals the judgment of the Lucas County Court of Common Pleas, sentencing him to 60 months in prison after he pled no contest to one count of aggravated vehicular assault.

{¶ 2} On August 14, 2020, appellant was indicted on one count of aggravated vehicular assault in violation of R.C. 2903.08(A)(1)(a) and (B), a felony of the third degree, one count of operating a vehicle while under the influence of alcohol, a drug of abuse, or a combination of them in violation of R.C. 4511.19(A)(1)(f) and (G)(1)(a), a misdemeanor of the first degree, one count of operating a vehicle while under the influence of alcohol, a drug of abuse, or a combination of them in violation of R.C. 4511.19(A)(1)(a) and (G)(1)(a), a misdemeanor of the first degree, and one count of no operator's license in violation of R.C. 4510.12, a misdemeanor of the first degree. The foregoing charges stemmed from an incident that occurred on May 23, 2020, in which appellant, who was under the influence of alcohol at the time, crashed his motorcycle into an automobile after running a red light. The crash caused serious injuries to a passenger who was riding with appellant on his motorcycle at the time.

{¶ 3} On January 7, 2021, appellant appeared before the trial court for arraignment. He entered a plea of not guilty to the aforementioned charges, and the matter proceeded through pretrial discovery and plea negotiations. Eventually, appellant and the state reached a plea agreement. Consequently, appellant came before the trial court for a change of plea hearing on June 28, 2021.

{¶ 4} At the plea hearing, appellant indicated his desire to plead no contest to the charge of aggravated vehicular assault in exchange for the state's dismissal of the remaining charges. The trial court engaged appellant in a Crim.R. 11 colloquy prior to

2.

accepting his plea, but failed to address appellant's constitutional right to be free from compulsory self-incrimination at trial. During the colloquy, the following exchange took place between the trial court and appellant concerning appellant's constitutional rights:

THE COURT: Sir, when you're entering your plea, you're giving up your right to a jury trial or a bench trial. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: You're also giving up your right to have your attorney use the court's subpoena power to bring in witnesses to speak on your behalf or to cross-examine those witnesses speaking against you. Do you understand you're giving up that right?

THE DEFENDANT: Yes.

THE COURT: You're also giving up your right to have the State prove your guilt beyond a reasonable doubt on each and every element of this charge. In all likelihood, I'll be basing my finding of guilt based solely on the statements made by the prosecutor as to what evidence would be presented at trial and what facts were alleged in the indictment. Knowing that, sir, do you still wish to maintain your plea?

THE DEFENDANT: Yes.

{¶ 5} At the conclusion of the Crim.R. 11 colloquy, the trial court accepted appellant's no contest plea without objection from either appellant's defense counsel or

3.

the state. Thereafter, the trial court found appellant guilty of aggravated vehicular assault, and continued the matter for sentencing. On July 15, 2021, appellant was sentenced to 60 months in prison. His timely notice of appeal followed.

{¶ 6} On appeal, appellant assigns the following error for our review:

Appellant's no-contest plea is invalid because, when taking his plea, the trial court erroneously failed to strictly comply with Crim.R. 11(C)(2)(c) respecting the constitutional privilege against self-incrimination.

{¶ 7} In his sole assignment of error, appellant contends that the trial court failed to comply with the dictates of Crim.R. 11(C)(2)(c) before it accepted his no contest plea. More particularly, appellant argues that the trial court's failure to inform him of his constitutional right to be free from compulsory self-incrimination at trial prevented him from entering a plea that was knowing, voluntary, and intelligent. Consequently, appellant insists that his no contest plea was invalid and must be vacated. For its part, the state agrees with appellant and concedes that the trial court committed reversible error by failing to inform appellant that he could not be compelled to testify at trial.

{¶ 8} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996).

4.

The specific matters that must be addressed by a trial court prior to accepting a plea of guilty or no contest are set forth in Crim.R. 11(C), which provides, in relevant part:

> (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally either in-person or by remote contemporaneous video in conformity with Crim.R. 43(A) and doing all of the following:
>
> * * *
>
> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 9} "Before accepting a guilty or no-contest plea, the court must * * * notify the defendant of the constitutional rights listed in Crim.R. 11(C)(2)(c)." *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 13. In *Veney*, the Ohio Supreme Court examined the language of Crim.R. 11(C)(2)(c) and observed that it consists of the following five constitutional rights: (1) the right to a jury trial; (2) the right to confront one's accusers; (3) the privilege against compulsory self-incrimination; (4) the right to

5.

compulsory process to obtain witnesses; and (5) the right to require the state to prove guilt beyond a reasonable doubt. *Id.* at ¶ 19. Later in its decision, the court explained that each of these rights must be separately addressed by the trial court prior to accepting a guilty or no contest plea for the plea to be valid. *Id.* at ¶ 29. When a trial court fails to do so, "the defendant's plea is constitutionally infirm, making it presumptively invalid." *Id.*, citing *State v. Ballard*, 66 Ohio St.2d 473, 481, 423 N.E.2d 115 (1981). In a subsequent decision, the Ohio Supreme Court found that "a trial court's failure to notify a defendant of his constitutional rights listed in Crim.R. 11(C)(2)(c) amounts to plain error." *State v. Miller*, 159 Ohio St.3d 447, 2020-Ohio-1420, 151 N.E.3d 617, ¶ 13, citing *Veney* at ¶ 24.

{¶ 10} In this case, the parties agree, and our review of the record confirms, that the trial court made no mention whatsoever of appellant's privilege against compulsory self-incrimination at the plea hearing. Without this information, appellant's decision whether to plead no contest cannot be deemed knowing, intelligent, and voluntary. *State v. Brinkman*, --- Ohio St.3d ----, 2021-Ohio-2473, --- N.E.3d ----, ¶ 11, citing *Miller* at ¶ 18. As such, appellant's no contest plea is invalid, and the trial court committed plain error in accepting it. Appellant's sole assignment of error is well-taken.

{¶ 11} In light of the foregoing, the judgment of the Lucas County Court of Common Pleas is reversed, appellant's no contest plea is vacated, and this matter is

6.

remanded to the trial court. Costs of this appeal are assessed to the state under App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J. _____

Gene A. Zmuda, J. _____

Thomas R. Wright, J. _____
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

Judge Thomas R. Wright, from the Eleventh District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.

7.