[Cite as *Toledo v. Brock*, 2016-Ohio-2866.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

City of Toledo

      Appellee

v.

Vonita Brock

      Appellant

Court of Appeals No. L-15-1170

Trial Court No. TRD-14-22921

**DECISION AND JUDGMENT**

Decided:  May 6, 2016

* * * * *

David Toska, City of Toledo Chief Prosecutor, and
Jimmie Jones, Assistant Prosecutor, for appellee.

Tim A. Dugan, for appellant.

* * * * *

**JENSEN, P.J.**

**{¶ 1}** Following a bench trial, defendant-appellant, Vonita Brock, appeals her

May 29, 2015 conviction for failing to stop for a school bus, a violation of Toledo

Municipal Code 331.36(a).  She claims (1) that the trial court deprived her of the right to

a jury trial, and (2) that the city failed to present legally sufficient evidence to support a conviction under the code provision. For the reasons that follow, we reverse.

## I. Background

{¶ 2} According to the evidence presented at trial, on April 3, 2014, Lorraine Heath was driving a Toledo Public Schools bus designated for special needs children. She was dropping a child off at an apartment complex, so she stopped at the entrance of the complex where the child's mother always met the bus. Heath's usual practice was to stop the bus in such a way that it completely blocked the entrance into the apartment complex. On the date of this incident, however, the bus did not entirely block the entrance—there was a small amount of space between the front of the bus and the paved entrance to the complex. When Heath stopped the bus, flashing lights were activated, and a stop sign extended from the left side of the bus.

{¶ 3} As the child's mother approached the bus, a vehicle, allegedly driven by Brock, turned right out of the complex immediately in front of the bus, wedging close enough to the bus that the bus driver and her aide, Georgia Bunker, feared the mother would be hit. After dropping off the child, Heath followed the car, obtained the license plate number, and reported the incident to the Toledo police. It was determined that the vehicle was registered to Brock. Toledo police issued multiple letters to Brock, requesting that she present herself to the station so the incident could be discussed. She never appeared, so Officer Lynn Jett issued Brock a citation for violation of Toledo Municipal Code 331.36(a), along with a summons ordering her to appear in court.

2.

**{¶ 4}** Brock initially failed to appear, and a bench warrant was issued. She eventually appeared and a trial date was set for November 24, 2014, and then reset for January 15, 2015. On January 5, 2015, Brock filed a "motion for jury demand." On January 8, 2015, the trial court denied the motion. The handwritten docket entry states: "Motion for jury trial denied—case will go beyond time."

**{¶ 5}** The case proceeded to a bench trial on that date, and continued to January 20, 2015, for additional testimony and closing arguments. Following trial, the trial court permitted counsel to file post-trial briefs addressing the meaning of "meeting or overtaking from either direction," as the language is used in Toledo Municipal Code 331.36(a). That section provides as follows:

> The driver of a vehicle upon *meeting or overtaking from either direction* any school bus stopped for the purpose of receiving or discharging any school child or person attending programs offered by community boards of mental health and county boards of mental retardation and development disabilities shall stop at least ten feet from the front or rear of the school bus and shall not proceed until such school bus resumes motion, or until signaled by the school bus driver to proceed. * * *
>
> (Emphasis added.)

Because Brock turned in front of the bus and arguably did not meet or overtake it "from either direction," she challenged whether the evidence presented by the city was sufficient to support a conviction under Toledo Municipal Code 331.36(a).

3.

**{¶ 6}** On April 27, 2015, the trial court found that Brock violated the "'zone of safety' that is afforded school buses and the children entering and exiting the buses." It found Brock guilty and scheduled the matter for sentencing. On May 29, 2015, the trial court sentenced Brock to a 30-day suspended jail sentence, one year of probation, a fine of $250, and court costs. Brock appealed. She assigns the following errors for our review:

> 1) The Trial Court violated Appellant's right to a trial by jury.

> 2) The City presented insufficient legal evidence to support a conviction for a violation of a school bus stop sign.

## II. Law and Analysis

**{¶ 7}** Brock's first assignment of error presents an elementary question: does the trial court err in denying a timely demand for a jury trial. Of course, the answer is yes. This is true regardless of the trial judge's desire to avoid having to report the case as "over age."

**{¶ 8}** Here, trial was scheduled for January 15, 2015; Brock's jury demand was filed on January 5, 2015. Crim.R. 23 provides:

> In petty offense cases, where there is a right of jury trial, the defendant shall be tried by the court unless he demands a jury trial. Such demand must be in writing and filed with the clerk of court *not less than ten days prior to the date set for trial*, or on or before the third day following

4.

receipt of notice of the date set for trial, whichever is later. (Emphasis added.)

{¶ 9} There is no question that Brock's jury demand was made "not less than ten days prior to the date set for trial." The city does not argue otherwise; in fact, it concedes error. Because the trial court clearly violated Brock's right to a jury trial, we find her first assignment of error well-taken.

{¶ 10} Brock recognizes that the remedy for a violation of the right to a jury trial is to remand the matter for a jury trial. However, she requests that we instead discharge her so that we send a message to the trial courts of this appellate district that the reporting requirements of the Rules of Superintendence do not take precedence over a defendant's right to a jury trial. While we do intend for this decision to send that message, we nevertheless conclude that the matter must be remanded to the trial court for a jury trial.

{¶ 11} In her second assignment of error, Brock contends that the city did not present legally sufficient evidence that she violated Toledo Municipal Code 331.36(a). In light of our conclusion that the case must be remanded for a jury trial, we decline to address Brock's second assignment of error.

## III. Conclusion

{¶ 12} Because the trial judge violated Brock's right to a jury trial, we find her first assignment of error well-taken, we reverse and vacate her April 27, 2015 conviction

and resulting sentence, and we remand the case to the trial court for a jury trial. We do not address Brock's second assignment of error. The costs of this appeal are assessed to the city pursuant to App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

| | |
|---|---|
| Mark L. Pietrykowski, J. | _____ |
| | JUDGE |
| Stephen A. Yarbrough, J. | |
| | _____ |
| James D. Jensen, P.J. | JUDGE |
| CONCUR. | |
| | _____ |
| | JUDGE |

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.