[Cite as *State v. Hermes*, 2023-Ohio-2011.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

State of Ohio                                   Court of Appeals No.  OT-22-026
                                                                     OT-22-027
          Appellee
                                                Trial Court No.   20 CR 248
                                                                  21 CR 065
v.

Nathan D. Hermes                                **DECISION AND JUDGMENT**

          Appellant                             Decided:  June 16, 2023

* * * * *

James J. VanEerten, Ottawa County Prosecuting Attorney and
Thomas A. Matuszak, Assistant Prosecuting Attorney, for appellee.

Brian A. Smith, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is a consolidated appeal from four judgments of the Ottawa County Court

of Common Pleas which, following entry of guilty pleas in two criminal cases, found

appellant guilty of a total of six counts of gross sexual imposition and sentenced him to an

aggregate prison term of 30 years. For the reasons set forth below, this court reverses the

judgments of the trial court.

# I. Background

{¶ 2} On December 7, 2020, plaintiff-appellee, state of Ohio, charged appellant, by Bill of Information, with five counts of gross sexual imposition, each a violation of R.C. 2907.05(A)(4), and third-degree felonies under R.C. 2709.05(C)(2). The Bill of Information alleged that defendant-appellant, Nathan D. Hermes, had sexual contact with one victim under the age of 13 three times between October 7 and 22, 2020, once between November 1 and 12, and once on November 13. The incidents occurred in Ottawa County, Ohio, at a babysitting service operated by appellant's parents. The case was assigned No. 2020-CR-I-248A, appellant waived presentation of the counts to the grand jury, and appellant originally pled not guilty to all charges.

{¶ 3} Then on April 1, 2021, an Ottawa County Grand Jury indicted appellant on three counts of rape, each a violation of R.C. 2907.02(A)(1)(b), and first-degree felonies under R.C. 2907.02(B), and on ten counts of gross sexual imposition, each a violation of R.C. 2907.05(A)(4), and third-degree felonies under R.C. 2709.05(C)(2). The indictments allege that appellant had sexual contact and/or sexual conduct 13 times with three victims under the age of 13 between May 4, 2002 and October 17, 2005. The incidents occurred in Ottawa County, Ohio, at a babysitting service operated by appellant's parents. The case was assigned No. 2021-CR-I-065A, and appellant originally pled not guilty to all charges.

{¶ 4} After the parties conducted discovery and held plea negotiations for both criminal cases, appellant changed his pleas on November 29, 2021. In case No. 2020-CR-I-248A, appellant offered guilty pleas to two counts of gross sexual imposition, and

2.

appellee agreed to dismiss the remaining three counts of gross sexual imposition. In case No. 2021-CR-I-065A, appellant offered guilty pleas to four counts of gross sexual imposition, after appellee amended two rape charges to gross sexual imposition, and appellee agreed to dismiss the third rape count and the remaining eight counts of gross sexual imposition.

{¶ 5} The trial court then conducted a lengthy plea colloquy and reviewed with appellant the "rather complicated Plea Agreement" in each criminal case as a "global resolution" to both cases. On November 29, the separate plea agreements for case Nos. 2020-CR-I-248A and 2021-CR-I-065A were filed in the record of their respective dockets. The plea agreements are signed by appellant, appellant's counsel, and appellee's counsel. Relevant to this appeal, each plea agreement contains the following clause to which appellant separately wrote by hand his initials for acceptance:

> I understand by pleading guilty, I give up my right to a jury trial or court trial, where I could see and have my attorney question witnesses against me, and where I could use the power of the Court to call witnesses to testify for me. I know at trial I would not have to take the witness stand, I could not be forced to testify against myself, and that no one could comment if I chose not to testify. I understand that I waive my right to have the prosecutor prove my guilt beyond a reasonable doubt.

3.

{¶ 6} The trial court read most, but not all, of each plea agreement into the record. Appellant assented in the record to all of the trial court's questions of his understandings of the consequences of offering the guilty pleas.

Court: And you understand everything we've talked about in the Plea Agreement so far, correct?

A: Yes, sir.

* * *

Court: Did you read these over carefully before you signed them?

A: Yes, sir, I did.

Court: And everything that's in here, everything we've talked about is the agreement you have with the State of Ohio, correct?

A: Yes, sir.

{¶ 7} The foregoing plea agreement clause where appellant waived his right to a jury trial or court trial was not read verbatim by the trial court into the record. Rather, the trial court said the following:

Court: Let's talk about your right to a trial. You have the right to have a trial in this matter to make the State prove the allegations against you. They would need to prove each and every element of the offense with which you're charged beyond a reasonable doubt. That's the standard that's used in criminal cases. Each and every element would be the date, the place, and the particular things you're alleged to have done to break the law. During the

course of that trial, the State would bring witnesses forth and they would testify against you and you * * * would have the right to cross-examine. You could subpoena your own witnesses who could come in and testify for you on your side, and you would have the right to remain silent. Nobody could make you testify. Nobody could make you say a word. If you wished to remain silent, your silence couldn't be used against you for any reason whatsoever. Do you understand?

A: Yes, sir.

Court: Those are constitutionally guaranteed rights that you have. If you wish to enter a guilty plea, you're not going to have trial in this matter. Do you understand that it would require you to give up those rights to a trial that I just described?

A: Yes, sir.

Court: And do you give up your right to a trial?

A: Yes, sir, I do.

{¶ 8} After details of all of the offenses were either admitted by appellant into the record or added by appellee into the record, the trial court asked appellant, "Is that all accurate?" Appellant replied, "Yes, Your Honor."

{¶ 9} The trial court then stated in the record the following before reviewing, again, the six offenses to which appellant was offering guilty pleas, accepting those guilty pleas, and finding him guilty of the six offenses:

5.

Court: Let the record reflect the Defendant is making a knowing, intelligent, voluntary decision to withdraw his previous plea of not guilty and tender pleas of guilt. Court finds he's been informed of his constitutional rights. He understands the nature of the charge, the effect of the guilty plea, and the penalties that could be imposed.

{¶ 10} Judgment entries accepting appellant's guilty pleas in each criminal case were journalized on June 9, 2022.

{¶ 11} Sentencing for both criminal cases occurred on June 2, and by nunc pro tunc journalized entry on June 7, the trial court ordered, among other matters, appellant to serve 60-month prison terms for each of the six felony offenses, to run consecutively to each other, "for a total incarceration period of thirty (30) years in the Ohio Department of Rehabilitation and Corrections."

{¶ 12} Appellant timely filed on June 8, his notice of appeal to case No. 2020-CR-I-248A, assigned appeal No. OT-22-026, and his notice of appeal to case No. 2021-CR-I-065A, assigned appeal No. OT-22-027. On June 13, this court consolidated the appeals.

{¶ 13} Appellant sets forth four assignments of error:

1. The trial court plainly erred in sentencing Appellant to a mandatory term of imprisonment, where Appellant's convictions did not meet the criteria for mandatory sentencing under either R.C. 2929.13(F)(3) or R.C. 2907.05(C)(2).

6.

2. The failure of Appellant's trial counsel to object to the imposition of imprisonment constituted ineffective assistance of counsel, in violation of Appellant's right to counsel under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution.

3. Appellant's guilty pleas were not knowingly, voluntarily, and intelligently made because the trial court did not advise Appellant that he would be giving up his right to a jury trial by entering a guilty plea, in violation of Crim.R. 11 and Appellant's right to Due Process under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution.

4. The trial court's imposition of consecutive sentences under R.C. 2929.14(C)(4) was not supported by the record.

{¶ 14} In lieu of filing a responsive brief, on December 6, 2022, appellee filed a "Notice of Conceded Error" pursuant to 6th Dist.Loc.App.R. 10(H), which states, "If a party has conceded reversible error in the filing of a brief, that party and/or the opposing party, shall file a notice or joint notice of conceded error with the clerk within 10 days advising the court of the conceded error." In its notice citing to *State v. Miller*, 159 Ohio St.3d 447, 2020-Ohio-1420, 151 N.E.3d 617, ¶ 17, and to *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, syllabus, appellee conceded appellant's third assignment of error that the "trial court failed to strictly comply with Crim.R. 11(C)(2)(c)

7.

and orally inform the Defendant-Appellant that he had a constitutional right to a jury trial, as opposed to a constitutional right to a trial, generally." Appellee urged this court to sustain appellant's third assignment of error, dismiss as moot the remaining assignments of error, vacate appellant's convictions and sentences, and remand the matter to the trial court.

{¶ 15} Concurrently, appellant filed a motion for remand on December 6, on his first assignment of error. Appellant argued appellee agreed to remand on the first assignment of error in order for the trial court to resentence appellant to non-mandatory prison terms for the six offenses, which would make appellant eligible for judicial release under R.C. 2929.20. Appellant argued a remand on the first assignment of error to the trial court is necessary "for implementation of the parties' agreement as to plea and sentencing, reached in light of the facts and circumstances of the case."

{¶ 16} Appellant acknowledged that appellee notified him of the intent to concede appellant's third assignment of error, but appellant no longer wanted this court to consider his third assignment of error: "If the case were to be remanded to the trial court on this specific error, this would severely prejudice Appellant, since Appellant could potentially no longer receive the benefit of the previous plea bargain." Appellant urged this court to find as moot appellee's concession to appellant's third assignment of error "in light of the parties' previous agreement."

{¶ 17} The next day, on December 7, appellant filed his response to appellee's notice of concession to appellant's third assignment of error, or, alternatively, a motion to

8.

withdraw his third assignment of error. Appellant argued the notice was "a direct violation of the parties' agreement." Appellant argued the "agreement was made specifically in order to *avoid* conceded error on this issue." (Empasis sic.) In the event this court set aside appellee's notice of concession, then appellant urged this court to grant his motion to withdraw his third assignment of error.

{¶ 18} On February 8, 2023, this court denied appellant's motion to remand and motion to withdraw his third assignment of error: "In the event the matter is remanded pursuant to the concession of error, the trial court will consider the nature and impact of the parties' discussions on further proceedings."

{¶ 19} At the oral arguments held on March 8, appellant, again, argued that this court has the authority to construe appellee's concession of error to apply only to the first assignment of error, pursuant to the new post-appeal agreement on sentencing between the parties, and to render as moot the second, third, and fourth assignments of error. In response, appellee argued the post-appeal agreement is reflected in the revised plea agreements signed by appellee's counsel and delivered to appellant's counsel. The new plea agreements reflect the agreement to recommend non-mandatory, consecutive sentences to the trial court. In order for the post-appeal plea agreements to be implemented by the trial court, appellee conceded the third assignment of error in order for this court to vacate the convictions and sentences and remand the matter to the trial court.

9.

## II. Concession of Error

{¶ 20} The jurisdictional issue before us is whether appellant's third assignment of error, as conceded by appellee, is dispositive of his appeal, or whether, as appellant now argues, the post-appeal negotiations between the parties prevails, and appellant's first assignment of error is dispositive. We answer that appellant's third assignment of error is dispositive.

{¶ 21} As a preliminary matter, this court acquired jurisdiction upon appellant's filing of his notice of appeal from the trial court's final judgment pursuant to App.R. 3(A); *Transamerica Ins. Co. v. Nolan*, 72 Ohio St.3d 320, 322, 649 N.E.2d 1229, 1231 (1995) ("Pursuant to App.R. 3(A), the only jurisdictional requirement for the filing of a valid appeal is the timely filing of a notice of appeal."). "The power to review a notice of appeal to determine if it invokes the jurisdiction of this court rests solely with this court." *In re Terrance P.*, 124 Ohio App.3d 487, 489, 706 N.E.2d 801 (6th Dist.1997).

{¶ 22} Appellant filed his brief on October 19, 2022, arguing four assignments of error, and he has not dismissed his appeal. Unless the appeal is otherwise validly dismissed, this court reviews the merits of each of appellant's assignments of error set forth in his brief. App.R. 12(A)(1)(b).

{¶ 23} The scope of our review of the merits of appellants assignments of error is limited to the completed record filed by the clerk of the trial court under App.R. 11(B). "The original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal

10.

entries prepared by the clerk of the trial court shall constitute the record on appeal in all cases." App.R. 9(A)(1). The post-appeal negotiations between appellant and appellee to which appellant argues this court has authority to review and enforce is simply not in the record of this case.

{¶ 24} Appellant's third assignment of error argues his guilty pleas were not made knowingly, voluntarily, and intelligently because the trial court "did not strictly comply with Crim.R. 11 in informing Hermes of his constitutional rights. Although it discussed with him his right to 'a trial,' it did not specify that Hermes had a right to a trial by jury." Appellant argues that he "would have chosen to plead his case in front of a jury, rather than plead guilty * * * [because he] entered his plea on the false assumption that the trial court – not a jury – would hear the evidence and decide his guilt." Appellee concedes Crim.R. 11(C)(2)(c) error pursuant to 6th Dist.Loc.App.R. 10(H).

{¶ 25} Crim.R. 11(C)(2)(c) states:

In felony cases the court may refuse to accept a plea of guilty * * * and shall not accept a plea of guilty * * * without first addressing the defendant personally * * * and doing all of the following: * * * Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt

11.

beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 26} Despite appellee's concession to the third assignment of error, we are not mandated to accept it without further review. *See State v. Wright*, 6th Dist. Lucas No. L-20-1206, 2022-Ohio-1537, ¶ 130. However, if the trial court error is clear, we will accept the concession as part of our analysis. *Toledo v. Brock*, 6th Dist. Lucas No. L-15-1170, 2016-Ohio-2866, ¶ 9; *see State v. Trotter*, 8th Dist. Cuyahoga No. 101218, 2015-Ohio-416, ¶ 4-6 (conceded error on clear record of failure to advise defendant of Crim.R. 11 rights prior to accepting guilty pleas).

{¶ 27} A defendant entering a plea in a criminal case must do so knowingly, intelligently and voluntarily, and the failure of any one element renders enforcement of that plea unconstitutional. *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, ¶ 10. The three-part inquiry on appeal is: "(1) has the trial court complied with the relevant provision of the rule? (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?" *Id.* at ¶ 17.

{¶ 28} Appellant's argument that he would not have entered six felony guilty pleas if he thought he could plead his case to 18 felony offenses in front of a jury is contradicted, in part, by his own arguments on appeal. On the one hand, he sought to withdraw his third assignment of error as an alternative to opposing appellee's concession

12.

of error. Such withdrawal indicates he did make his six felony guilty pleas knowingly, voluntarily, and intelligently. On the other hand, appellant argues that, even upon remand he is not seeking a jury trial, but seeking the benefit of his post-appeal negotiations with appellee: non-mandatory sentences for judicial release eligibility. Appellant further argues he is prejudiced, not because he erroneously offered his guilty pleas, but because if we remand after vacating his guilty pleas under his third assignment of error, he loses the post-appeal plea bargain for his non-mandatory sentence, which is the subject of his first assignment of error. Yet to reach his first assignment of error, appellant must first concede his conviction to the six felonies. We are not persuaded.

{¶ 29} We find the record contains both written plea agreements in which appellant specifically initialed he understood he was waiving both "a jury trial or court trial" in each criminal case. However, during the plea colloquy with appellant the trial court used the phrase "a trial" rather than a "jury trial," and the question before us is whether the trial court strictly complied with Crim.R. 11(C)(2)(c) before accepting appellant's guilty pleas. *State v. Brinkman*, 165 Ohio St.3d 523, 2021-Ohio-2473, 180 N.E.3d 1074, ¶ 12. "[S]ubstantial compliance will not do." *Id.* at ¶ 17. Where we do not find strict compliance from the trial court's plea colloquy, the trial court's failure to inform a defendant of the constitutional right to a jury trial under Crim.R. 11(C)(2)(c) invalidates the plea. *Id.* at ¶ 1.

{¶ 30} We find the trial court did not strictly comply with Crim.R. 11(C)(2)(c) with respect to appellant's constitutional right to a jury trial, and his six guilty pleas are

13.

invalid. We vacate appellant's conviction and sentence and remand the matter to the trial court. Consistent with our previous order, we make no decision in our remand for how the trial court will consider the nature and impact, if any, of the parties' ongoing negotiations.

{¶ 31} Appellant's third assignment of error is well-taken. In light of our decision on the third assignment of error, appellant's first, second, and fourth assignments of error are rendered moot. App.R. 12(A)(1)(c).

### III. Conclusion

{¶ 32} On consideration whereof, the June 9, 2022 journalized judgment of conviction and the June 7 nunc pro tunc journalized judgment of sentencing by the Ottawa County Court of Common Pleas in case No. 2020-CR-I-248A are reversed and vacated. On further consideration whereof, the June 9, 2022 journalized judgment of conviction and the June 7 nunc pro tunc journalized judgment of sentencing by the Ottawa County Court of Common Pleas in case No. 2021-CR-I-065A are reversed and vacated.

{¶ 33} We remand the matters to the trial court for further proceedings consistent with our decision. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24(A)(4).

Judgment reversed<br>and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Thomas J. Osowik, J.       _____
                  JUDGE

Christine E. Mayle, J.

                _____

Charles E. Sulek, J.         JUDGE
CONCUR.

                _____

                  JUDGE


This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.