[Cite as *State v. Strange*, 2024-Ohio-2199.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio                                            Court of Appeals No. S-23-025

      Appellee                                      Trial Court No.  21 CR 845

v.

Deondre R. Strange                              **DECISION AND JUDGMENT**

      Appellant                                     Decided:    June 7, 2024

* * * * *

Beth A. Tischler, Sandusky County Prosecuting Attorney, and
Alexis M. Otero, Assistant Prosecuting Attorney, for appellee.

Karin L. Coble, for appellant.

* * * * *

**ZMUDA, J.**

## I.  Introduction

{¶ 1} Appellant, Deondre Strange, appeals the July 24, 2023 judgment of the

Sandusky County Court of Common Pleas, convicting him of one count of improperly

discharging a firearm at or into a habitation and one count of felonious assault.  For the

following reasons, we reverse the trial court's judgment and remand the matter for further

proceedings.

## II. Facts and Procedural Background

{¶ 2} On November 5, 2021, appellant was indicted on one count of aggravated murder in violation of R.C. 2903.01(A), an unclassified felony; one count of murder in violation of R.C. 2903.02(A), an unclassified felony; one count of improperly discharging a firearm at or into a habitation in violation of R.C. 2923.161(A)(1) and (C), a second-degree felony; and three counts of felonious assault in violation of R.C. 2903.11(A)(2) and (D)(1)(a), each a second-degree felony. All six counts included a specification that appellant committed the offenses while in possession of a firearm pursuant to R.C. 2941.145(A) and a specification that the firearm was subject to forfeiture pursuant to R.C. 2941.1417.

{¶ 3} The charges arose from an incident that occurred on October 21, 2021. That evening, appellant was informed that his sister and her husband had been involved in a physical altercation with their neighbor, J.B. Appellant traveled to his sister's residence and was invited inside.[1] After discussing the altercation with his sister, and his desire to confront J.B., appellant was asked to leave her residence. Once outside, appellant and J.B. engaged in a verbal altercation. Eventually, the altercation escalated and J.B. and appellant began shooting at one another. J.B. was killed and appellant was injured during the altercation.

---

[1] Appellant was accompanied by his brother-in-law, Jermain Howard. Howard was convicted of one charge related to the same altercation. He was tried separately from appellant. His appeal is still pending before this court in case No. S-23-007.

2.

{¶ 4} On April 27, 2023, the state filed a motion to dismiss the aggravated murder count. The trial court granted the motion on May 1, 2023. The remaining counts were then renumbered to reflect the dismissal of the aggravated murder count. The five remaining counts proceeded to a jury trial the following day. Relevant to the present appeal, appellant filed a request for a self-defense jury instruction on April 28, 2023. Appellant requested that the jury be instructed as follows:

A person is allowed to act in self-defense when extreme danger has presented itself to the defendant. The extreme danger must be a reasonable belief, even if mistaken, that the person poses an imminent danger of death or great bodily harm. The State of Ohio must prove beyond a reasonable doubt that the accused person did not act in self-defense in order for there to be a conviction.

It is undisputed that appellant's requested instruction reflected the current status of Ohio's self-defense law as described in R.C. 2901.05. *See State v. Messenger,* 2022-Ohio-4562, ¶ 14.

{¶ 5} Appellant's trial concluded on May 5, 2023. Before instructing the jury, the trial court met with the parties to discuss the proposed instructions. The state informed the trial court that it believed the instruction should inform the jury that it was the state's burden to prove that appellant did not act in self-defense. Appellant then referenced his previously-requested instruction and stated that he had nothing more to add to the state's position. The trial court advised the parties that it believed that its prepared instructions, which did not inform the jury that the state had to disprove appellant's self-defense claim

3.

in order for him to be found guilty, "sufficiently cover[ed] the law that needs to be charged to the jury in this case[.]" The trial court then denied appellant's request for his proposed self-defense instruction.

{¶ 6} The following day, the jury found appellant not guilty of murder (count 1) and not guilty of two of the three felonious assault charges (counts 4 and 5). The jury found appellant guilty of one count of improperly discharging a firearm at or into a habitation (count 2) and one count of felonious assault (count 3). On July 24, 2023, appellant was sentenced to a minimum prison term of 2 years with a maximum prison term of 3 years on the felonious assault and improper discharge of a firearm offenses. The trial court ordered those prison terms to be served concurrently. The trial court also ordered appellant to serve a three-year prison term on each of the related firearm specifications, with those terms to be served concurrently with each other and consecutive to the indefinite prison terms imposed on the related offenses. The trial court's order resulted in an aggregate, indefinite prison term of 5 to 6 years. The trial court's judgment entry was memorialized the same day.

### III. Assignments of Error

{¶ 7} Appellant timely appealed and assigns the following errors for our review:

1. The trial court violated [appellant's] right to due process when it gave incorrect jury instructions that (1) changed the burden of proof and (2) were incomplete.

2. Counsel rendered ineffective assistance in violation of the Ohio and U.S. Constitutions.

3. The convictions are against the manifest weight of the evidence as they are inconsistent with the acquittal for murder.

4.

## IV. Law and Analysis

**{¶ 8}** In his first assignment of error, appellant argues that the trial court erred in giving the jury an instruction that failed to identify it was the state's burden to prove that appellant had not acted in self-defense, as described in R.C. 2901.05. The state, in its brief and at oral argument, concedes that the trial court erred in giving an erroneous instruction.[2] We note that the state's concession of error is not controlling and we must independently review appellant's assigned error. *State v. Hermes,* 2023-Ohio-2011, ¶ 26. However, if the error is clear from the record, we may accept the concession as part of our analysis. *Id.* We begin, then, with a determination of whether the trial court committed an error that is clear from the record.

**{¶ 9}** "A trial court is obligated to provide jury instructions that correctly and completely state the law when those instructions are warranted by the evidence presented in a case." *State v. Heiney,* 2018-Ohio-3408, ¶ 133 (6th Dist.), citing *Cromer v. Children's Hosp. Med. Ctr. Of Akron,* 2015-Ohio-229, ¶ 22. We apply a de novo review to determine whether a disputed jury instruction correctly stated the applicable law. *Id.* R.C. 2901.05 expressly states that "the prosecution must prove beyond a reasonable doubt that the accused person did not use the force in self-defense * * *" before a jury can find the offender guilty. *Messenger* at ¶ 14. At no point in its instructions did the

---

[2] Neither party filed a notice of conceded error alerting the court to the state's concession pursuant to 6th Dist.Loc.App.R. 10(H).

trial court inform the jury that the state had the burden to disprove appellant's self-defense claim. To the contrary, even when the state asked the trial court to provide an instruction on its burden, the trial court declined, finding that its prepared instructions sufficiently reflected the applicable law. At no point did the trial court correctly describe the applicable law to the jury. As a result, we find that the trial court committed an error that is clear from the record by giving the jury an instruction that did not correctly state the applicable law.

{¶ 10} In light of that error, we next "must consider the jury charge as a whole and must determine whether the jury charge probably misled the jury in a matter materially affecting [appellant's] substantial rights." *Heiney* at ¶ 136. If the error does not affect a substantial right, it is considered "harmless." *Id.* at ¶ 139. "During a harmless error inquiry, the state has the burden of proving that the error did not affect the substantial rights of the defendant." *State v. Moore,* 2021-Ohio-765, ¶ 37 (6th Dist.).

{¶ 11} We find that the trial court's error "probably misled" the jury in that the jury was *never* asked to determine whether the state disproved appellant's self-defense claim beyond a reasonable doubt. The state concedes that the trial court's incorrect instruction affected appellant's substantial rights by failing to clarify that the state had that burden. Other courts which have examined this issue have determined that a trial court's failure to give a correct jury instruction on the state's burden to disprove a self-defense claim affected the substantial rights of a defendant. *See State v. Gillian,* 2023-Ohio-325, ¶ 13 (2d Dist.); *State v. Irvin,* 2023-Ohio-3274, ¶ 18 (2d Dist.). Accordingly, for these reasons, we accept the state's concession that the trial court erred as part of our

6.

analysis. We find that the trial court committed reversible error in giving the jury an incorrect instruction that affected appellant's substantial rights and that this matter must be remanded to the trial court.

{¶ 12} Having accepted the state's position on conceded error, we must next determine the scope of the remand to the trial court in light of that error. Appellant requests that only his convictions be remanded to the trial court. The state argues in its brief that the trial court's error "affected the entire case, not just the two counts for which [a]ppellant was found guilty." The state alleges that "the only proper remedy is for the case, containing five counts, to be reversed and remanded[.]" The state further argues that because the erroneous jury instruction was applicable to all five counts at trial, including those for which appellant was acquitted, that remanding all five counts would not violate appellant's right to be free from double jeopardy on those acquittals. The state's request is entirely unsupported and, in light of the constitutional protection at issue, borders on frivolous.

{¶ 13} The double jeopardy provisions of both the Ohio and the United States Constitutions prohibit "(1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. *State v. Gustafson,* 76 Ohio St.3d 425 (1996). "It is axiomatic in American jurisprudence that the constitutional principle and prohibition against double jeopardy prohibits any person from being 'twice put in jeopardy for the same offense.'" *State v. Speer,* 2010-Ohio-5648, ¶ 10 (6th Dist.), citing Section 10, Article I, Ohio Constitution. "In conformity with this axiomatic element of our judicial system, the

7.

United States Supreme Court has unambiguously affirmed that the double-jeopardy constitutional protection uncompromisingly *prohibits* a person from being subject to a second trial following an acquittal on that offense." *Id.*, citing *Fong-Foo v. United States,* 369 U.S. 141 (1962) (emphasis added). More importantly, the error conceded by the state—or any other claimed error—does not permit this court to review and reverse appellant's acquittals. *See State ex rel. Ramirez-Ortiz v. Twelfth Dist. Court of Appeals,* 2017-Ohio-7816 (holding that while the state can appeal a discrete legal issue that is capable of repetition yet evading review due to an acquittal, the court of appeals "could not disturb the acquittal itself").

{¶ 14} Put simply, there is no basis on which this court could intrude on appellant's inviolable right to be free from double jeopardy by reversing and remanding the acquitted offenses for a new trial as the state requests. As a result, we reject the state's argument that our remand of this case to the trial court should permit the state to pursue a second trial on the acquitted offenses. The proper remedy in this case is to reverse appellant's convictions on counts 2 and 3 and to remand only those counts for further proceedings.[3] Therefore, we reverse the trial court's judgment and remand this matter to the trial court for further proceedings on counts 2 and 3 only.

---

[3] This decision is limited to the five counts that proceeded to trial only. The original aggravated murder charge was dismissed prior to trial and is not part of the proceedings before this court.

8.

**{¶ 15}** Because our resolution of appellant's first assignment of error is dispositive of the entire appeal, we find appellant's second and third assignments of error moot and decline to address them pursuant to App.R. 12(A).

## V. Conclusion

**{¶ 16}** We find appellant's first assignment of error well-taken and we reverse the July 24, 2023 judgment of the Sandusky County Court of Common Pleas. We remand this matter to the trial court for further proceedings only on counts 2 and 3, as designated in the trial court's May 1, 2023 order.

**{¶ 17}** The state is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed<br>
and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.          _____
                                                           JUDGE

Christine E. Mayle, J.        

                                                           _____
Gene A. Zmuda, J.                                        JUDGE
CONCUR.

                                                           _____
                                                           JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.