[Cite as *State v. Rollins*, 2026-Ohio-623.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, | Case No. 25CA000023 |
| Plaintiff - Appellee | Opinion And Judgment Entry |
| -vs- | Appeal from the Guernsey County Court of Common Pleas, Case No. 25-CR-000035 |
| BRIANNA ROLLINS | Judgment:   Affirmed |
| Defendant - Appellant | Date of Judgment Entry: February 23, 2026 |

**BEFORE:** Andrew J. King; Craig R. Baldwin; Kevin W. Popham, Judges

**APPEARANCES:** NO APPEARANCE, for Plaintiff-Appellee; TODD W. BARSTOW, for Defendant-Appellant.

*Baldwin, J.*

{¶1}   The appellant, Brianna Rollins, appeals her conviction and sentence following a negotiated plea agreement. The appellant's counsel has submitted an *Anders* Brief in which he offers as a potential assignment of error whether the trial court erred in accepting the appellant's guilty plea and in sentencing the appellant. Appellee is the State of Ohio.

**STATEMENT OF FACTS AND THE CASE**

{¶2}   On or about February 3, 2025, D.D. was the subject of a drug trafficking investigation. D.D. instructed a law enforcement informant to meet him in a hotel parking lot in Cambridge, Ohio. The appellant was with D.D., and they drove to the meeting. During a traffic stop of the vehicle in which D.D. and the appellant were travelling, an

access card to a room at a local hotel was discovered. Law enforcement officials obtained a search warrant for said hotel room, and hotel records showed that the room was occupied by both D.D. and the appellant. A search of the room was conducted, which resulted in the discovery and confiscation of methamphetamine. Subsequent laboratory testing showed that the amount of the seized methamphetamine was approximately 419.96 grams.

{¶3} On March 25, 2025, the appellant was indicted on the following charges:

- Count One, Aggravated Possession of Drugs in violation of R.C. 2925.11(A) and (C)(1)(e), a first degree felony, with a Major Drug Offender Specification pursuant to R.C. 2941.1410(A); and,

- Count Two, Complicity in the Commission of an Offense in violation of R.C. 2923.03(A)(2) and (F) for her role in providing money and/or transportation and/or a location to facilitate Aggravated Trafficking in Drugs, a first degree felony, with a Forfeiture of Money in a Drug Case Specification pursuant to R.C. 2941.1417(A).

The appellant pleaded not guilty to the charges at her March 27, 2025, arraignment.

{¶4} The parties subsequently entered into a negotiated plea agreement in which the appellant agreed to plead guilty to Count One, Aggravated Possession of Drugs in violation of R.C. 2925.11. In exchange, the appellee agreed to dismiss the Major Drug Specification contained in Count One and dismiss Count Two. The negotiated plea agreement contained a joint sentencing recommendation of 9 - 13.5 years in prison, with the first 9 years mandatory. The terms of the plea agreement were memorialized in a Plea of Guilty: Indefinite Sentencing form filed with court and signed by the appellant, her

attorney, and the prosecuting attorney. The form was acknowledged and accepted by the trial court as representing a free and voluntary change of plea.

{¶5} On June 5, 2025, the trial court conducted a Plea and Sentencing Hearing at which the court engaged in a thorough Crim.R. 11 colloquy with the appellant, ensuring that her plea of guilty was entered knowingly and voluntarily, that she understood the Constitutional rights she was giving up in doing so, and that she understood the potential prison sentence that could be imposed upon her. The trial court accepted the appellant's guilty plea and proceeded to sentence her to an indefinite prison term of a minimum of 9 - 13.5 years, the first 9 years of which it deemed mandatory.

{¶6} The appellant filed a timely appeal, and her counsel filed a brief pursuant to *Anders v. California,* 386 U.S. 738 (1967), in which he sets forth the following potential assignment of error: "[t]he trial court erred in accepting Rollins' guilty plea pursuant to Criminal Rule 11 and erred in sentencing Rollins. (T. 6/5/25; R. Judgment Entry 6/6/25)."

## STANDARD OF REVIEW

{¶7} The United States Supreme Court held in *Anders* that if, after conscientious examination of the record, an appellant's counsel concludes the case is wholly frivolous, then he or she should so advise the court and request permission to withdraw. *Id*. at 744. Counsel must accompany the request with a brief identifying anything in the record that could arguably support the appeal. *Id*. Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and (2) allow his client sufficient time to raise any matters that the client chooses. *Id*. Once the appellant's counsel has satisfied these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the

appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. *Id*.

**{¶8}** Attorney Todd W. Barstow, the appellant's appellate counsel, filed an *Anders* brief on September 20, 2025, informing this Court that he had conscientiously examined the case, reviewed the entire record, researched all potential issues, and determined that there were no meritorious issues for review which would support an appeal. Attorney Barstow requested that this Court make an independent review of the record to determine whether there are any additional issues that would support an appeal, and moved the Court for permission to withdraw as counsel for the appellant on the grounds that there are "no meritorious issues for this Court to review." He served a copy of the Appellant's *Anders* Brief, as well as his Motion to Withdraw, upon the appellant.

**{¶9}** This Court informed the appellant in a September 25, 2025, Judgment Entry that the Court had received notice the appellant had been supplied by her attorney with a copy of the *Anders* brief filed on her behalf. The Entry also advised the appellant that she could file a pro se brief in support of her appeal within 60 days from the date of the Entry.

**{¶10}** Attorney Barstow filed a separate Motion to Withdraw on September 24, 2025, in which he moved for an order allowing him to withdraw as counsel in this matter.

**{¶11}** The appellant did not file a pro se brief.

**{¶12}** The record establishes that the appellant's counsel has satisfied the requirements set forth in *Anders*. Accordingly, we review the record in this case and determine whether any arguably meritorious issues exist, "… keeping in mind that,

'*Anders* equates a frivolous appeal with one that presents issues lacking in arguable merit. An issue does not lack arguable merit merely because the prosecution can be expected to present a strong argument in reply or because it is uncertain whether a defendant will prevail on the issue on appeal. "An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." *State v. Pullen*, 2002-Ohio-6788, ¶ 4 (2nd Dist.); *State v. Marbury*, 2003-Ohio-3242, ¶ 7-8 (2nd Dist.); *State v. Chessman*, 2005-Ohio-2511, ¶ 16-17 (2nd Dist.).' *State v. Moore*, 2009-Ohio-1416, ¶4 (2nd Dist.)." *State v. Reynolds*, 2024-Ohio-1956, ¶ 10 (5th Dist.).

## ANALYSIS

**{¶13}** Appellate counsel submits as a potential assignment of error that the trial court erred when it accepted the appellant's guilty plea, and when it sentenced the appellant. We disagree.

### *Acceptance of Appellant's Guilty Plea*

**{¶14}** Trial courts may accept guilty pleas that are knowingly, intelligently, and voluntarily entered by a defendant. Crim.R. 11 addresses pleas and rights upon a plea, and states in pertinent part:

**(C) Pleas of guilty and no contest in felony cases**.

\* \* \*

**(2)** In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally either in-person or by

remote contemporaneous video in conformity with Crim.R. 43(A) and doing all of the following:

      **(a)**      Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

      **(b)**      Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

      **(c)**      Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

Crim.R. 11(C)(2) was addressed by this Court in *State v. Jones*, 2021-Ohio-1864, (5th Dist.):

"When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the

United States Constitution and the Ohio Constitution." *State v. Engle*, 74 Ohio St.3d 525, 1996- Ohio 179, 660 N.E.2d 450 (1996). "An appellate court determining whether a guilty plea was entered knowingly, intelligently, and voluntarily, conducts a de novo review of the record to ensure that the trial court complied with the constitutional and procedural safeguards." *State v. Ballard*, 66 Ohio St.2d 473, 423 N.E.2d 115 (1981).

Criminal Rule 11(C) requires a trial judge to determine whether a criminal defendant is fully informed of his or her rights and understands the consequences of his or her guilty plea. *State v. Barker*, 129 Ohio St.3d 472, 2011-Ohio-4130, 953 N.E.2d 826. Of particular relevance to this case is Criminal Rule 11(C)(2)(c), which provides, "[i]n felony cases the court * * * shall not accept a plea of guilty or no contest without first addressing the defendant personally and * * * informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights * * * to have compulsory process for obtaining witnesses in the defendant's favor * * *." The underlying purpose of Rule 11(C) is to convey to the defendant certain information so that he or she can make a voluntary and intelligent decision as to whether to plead guilty. *State v. Ballard*, 66 Ohio St.2d 473, 423 N.E.2d 115 (1981).

The Ohio Supreme Court has held that strict compliance with Rule 11(C)(2)(c) is required when advising a defendant of the constitutional rights he or she is waiving by pleading guilty or no contest. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621; *State v. Barker*, 129 Ohio

St.3d 472, 2011-Ohio-4130, 953 N.E.2d 826. The Supreme Court recently addressed this issue in *State v. Miller*, 159 Ohio St.3d 447, 2020-Ohio-1420, 151 N.E.3d 617, and held, "trial courts must strictly comply with 11(C)(2)(c) and failure to do so cannot be deemed harmless." Included in the list of constitutional rights is "the right to compulsory process to obtain witnesses." *Id.*

The Supreme Court of Ohio has repeatedly held that while the preferred method of informing a criminal defendant of his or her constitutional rights during the plea colloquy is to use the language contained in Criminal Rule 11(C), a trial judge is not required to recite the provision of 11(C)(2)(c) verbatim. *State v. Miller*, 159 Ohio St.3d 447, 2020-Ohio-1420, 151 N.E.3d 617; *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621; *State v. Barker*, 129 Ohio St.3d 472, 2011-Ohio-4130, 953 N.E.2d 826. To "strictly comply with the rule, the trial court must orally advise the defendant, in a manner reasonably intelligible to that defendant, that the plea waives the rights enumerated in the rule." *Id.*

*Id.* at ¶¶14-17.

**{¶15}** In the case sub judice, the trial court advised the appellant regarding all the constitutional rights she was waiving if she pleaded guilty, as well as the maximum potential penalties, including the maximum prison term, and the mandatory nature of the prison term. The trial court also thoroughly reviewed with the appellant the parties' plea agreement and told the appellant that once the court accepted her guilty plea it would move immediately to sentencing, informing the appellant that it would sentence her within

the statutory range. The trial court advised the appellant that a guilty plea was a complete admission of her guilt. The trial court confirmed with the appellant that she understood that she was waiving her right to a presentence investigation. The trial court also questioned the appellant to determine whether her plea was entered knowingly and thoughtfully. In addition, the trial court also took extra time to ensure that the appellant was satisfied with her trial counsel. The trial court repeatedly questioned the appellant to ensure that she understood the proceedings thoroughly, and that she remained satisfied with her trial counsel's representation. The appellant responded that she completely understood the proceedings, was satisfied with the representation of her counsel, and wanted to enter a plea of guilty to the amended charge of Aggravated Possession of Drugs.

**{¶16}** We find that the trial court complied with the compulsory process portion of Rule 11(C)(2)(c), as the trial court used language that was understandable and reasonably intelligible to the appellant such that she could make a voluntary and intelligent decision whether to plead guilty. Accordingly, we agree with appellate counsel that no meritorious argument exists regarding whether the appellant's guilty plea was made knowingly, voluntarily, and intelligently.

### *Sentence*

**{¶17}** Nor does a meritorious argument exist regarding the sentence imposed by the trial court, which was the precise sentence jointly recommended by the parties in the negotiated plea agreement.

**{¶18}** R.C. 2953.08(D)(1) provides that "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been

recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." This language was applied by this Court in *State v. Rockwell,* 2005-Ohio-5213, (5th Dist.) as follows:

> As is stated above, appellant was sentenced to the twenty year sentence that was recommended jointly by the defense and the prosecution. R.C. 2953.08(D) states the following, in pertinent part; "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by the sentencing judge...." A jointly recommended sentence is "authorized by law" if it does not exceed the maximum sentence that the statute permits a trial court to impose. *State v. Rogg,* Highland App. No. 00CA07, 2001–Ohio–2366; *State v. Engleman* (Aug. 18, 2000), Hamilton App. No. C–990845, 2000 WL 1162002; *State v. Amstutz* (Nov. 8, 1999), Stark App. No.1999CA00104, 1999 WL 1071966.

> Upon review, we find that the trial court imposed the agreed upon sentence and that the sentence did not exceed the maximum sentence. Furthermore, in such cases, there is no need to make the findings required under R.C. 2929.14(B) and 2929.14(E)(4). See *State v. Porterfield,* 106 Ohio St.3d 5, 829 N.E.2d 690, 2005–Ohio–3095 in which the Ohio Supreme Court held that "[o]nce a defendant stipulates that a particular sentence is justified, the sentencing judge no longer needs to independently justify the sentence." Id at. paragraph 25. See also *State v. Horsley,* Richland App.

No. 04–CA–95, 2005–Ohio–2987, *State v. Turner,* Richland App. Nos. 04–CA–01, 04–CA–27, 2005–Ohio–2986. See also *State v. Bryant,* Lucas App. No. L–03–1359, 2005–Ohio3352, in which the court, in response to the appellant's argument that his sentencing violated *Blakely,* supra., held that "the eight year sentence imposed by the trial court was an agreed upon sentence and any matters concerning that sentence are not subject to review under R.C. 2953.08(D)(11). Id at paragraph 24.

In short, we find that appellant was sentenced in accordance with a jointly recommended sentence that was authorized by law. Appellant's sentence, therefore, is not subject to review.

*Id.* at ¶¶19-21. See, also, *State v. Lee,* 2009-Ohio-3423, ¶18 (5th Dist.) ("Where the record indicates that a defendant freely and knowingly entered into a plea agreement and a jointly recommended sentence, and the trial court imposes that sentence which is authorized by law, the sentence is not subject to appellate review.")

{¶19} The appellant pleaded guilty to one count of Aggravated Possession of Drugs, a felony of the first degree. R.C. 2929.14(A)(1)(a) authorizes a sentence of up to 11 years for this charge. In addition, R.C. 2929.144(B)(1) provides that "[i]f the offender is being sentenced for one felony and the felony is a qualifying felony of the first or second degree, the maximum prison term shall be equal to the minimum term imposed on the offender under division (A)(1)(a) or (2)(a) of section 2929.14 of the Revised Code plus fifty per cent of that term." Thus, the aggregate sentence of 9 – 13.5 years imposed upon the appellant was authorized by law.

**{¶20}** The appellant was sentenced by a sentencing judge in accordance with a jointly recommended sentence that was authorized by law. The Plea of Guilty form signed by the parties on June 5, 2025, set forth the charge to which the appellant was pleading guilty, the stated minimum prison terms, the indefinite terms, the possible maximums, the possible fines, the mandatory fines, and the mandatory prison time. The Plea of Guilty reflects that the appellant received the 'Notice of Non-Life Felony Indefinite Prison Term" and was advised regarding post-release control. The Plea of Guilty form specifically stated that the parties agreed to a joint recommendation that the appellant be sentenced to 9 - 13.5 years in prison. The Plea of Guilty form was initialed by the appellant at significant sections, and was signed by the appellant and her trial counsel. Furthermore, the trial court conducted a Plea Hearing at which it reviewed the contents of the Plea of Guilty form and conducted the requisite Crim.R.11 colloquy. Based upon the fact that the appellant entered into a joint agreement in which she agreed to plead guilty to Count One in exchange for the appellee's dismissal of the Major Drug Offender Specification set forth in Count One and dismissal of Count 2, that the plea agreement jointly recommended a 9 - 13.5 prison term, and that sentence is precisely what the trial court imposed, the appellant's sentence is not subject to review.

**{¶21}** We find that the sentence imposed by the trial court was authorized by law, was recommended jointly by the appellant and the prosecution, and was imposed by a sentencing judge. Accordingly, we agree with appellate counsel that no meritorious argument exists regarding the sentence imposed upon the appellant following her plea of guilty to Aggravated Possession of Drugs.

## CONCLUSION

**{¶22}** Based upon the foregoing, and after independently reviewing the record, we agree with appellate counsel's conclusion that no non-frivolous claims exist that would justify remand or review of the appellant's conviction or sentence. We find the appeal to be wholly frivolous under *Anders.* Attorney Barstow's motion to withdraw as counsel for the appellant is hereby granted, and the judgment of the Guernsey County Court of Common Pleas is hereby affirmed.

**{¶23}** Costs to appellant.

By: Baldwin, J.

King, P.J. and

Popham, J. concur.